**James WILSON, Relator and Best Friend of Clifford Jefferson, Appellant,**

v.

**Fred DIXON, Warden of the California State Prison at San Quentin, California, Appellee.**

No. 15816.

United States Court of Appeals Ninth Circuit.

Jan. 15, 1958.

James Wilson, Represa, Cal., for appellant.

Edmund G. Brown, Atty. Gen., Doris Maier, Deputy Atty. Gen., for appellee.

Before STEPHENS, Chief Judge, and POPE and FEE, Circuit Judges.

PER CURIAM.

The Attorney General of the State of California opens his opposition to the granting of a writ of assistance as follows:

"James Wilson, 'Relator and Best Friend of Clifford Jefferson' seeks a 'writ of assistance' from this Court. The purpose of this writ is to have this Court compel the respective Wardens of Folsom State Prison, wherein James Wilson is confined, and the Warden of San Quentin State Prison, wherein Clifford Jefferson is confined, to allow Wilson to correspond with Jefferson 'on matters of vital importance to Jefferson's

case on appeal.' The writ is also sought on the further ground that the Warden of Folsom State Prison should be 'ordered and directed to allow Wilson use of the Law Books in the Institution Law Library without restrictions of any kind insofar as to their use or make them available to him the five or six days the Institution Law Library is open or in the alternative that he be permitted to take the law books to his cell where he have room to use and search them.' (Pet. for Writ of Assistance, p. 10.)

"There is now pending before this Court an appeal from an order denying a petition for writ of habeas corpus sought to be filed by James Wilson as Best Friend of Clifford Jefferson. The petition was denied by the United States District Court, Northern District, Northern Division (TR 56–59). A certificate of probable cause was denied by the trial judge (TR 61). A certificate of probable cause and allowance of the appeal was granted by the Chief Judge of this Court on the ground that the document was tangled and practically unintelligible but in order that the petition may be assured of the full flow of due process of law (TR 56)."

Heretofore, the Chief Judge of this Court granted a certificate of probable cause and requested the trial court to appoint an attorney for petitioner so that this Court may be apprised of the whole situation.

Without doubt, we will, in due time, hear from the specially appointed attorney and then Wilson's appeal will be before us.

We regard the petition for writ of assistance as frivolous, and it is dismissed.