Delevan Wesley THOMAS, Appellant,

v.

COMMONWEALTH OF VIRGINIA, Appellee.

No. 9926.

United States Court of Appeals Fourth Circuit.

Argued June 29, 1965.

Decided Feb. 11, 1966.

---

Jack T. Hamilton, Charlotte, N. C. (Court-assigned counsel), for appellant.

Reno S. Harp, III, Asst. Atty. Gen. of Virginia (Robert Y. Button, Atty. Gen. of Virginia, on brief), for appellee.

Before BOREMAN and J. SPENCER BELL, Circuit Judges, and THOMSEN, District Judge.

BOREMAN, Circuit Judge.

A *pro se* petition for a writ of habeas corpus filed by Delevan Wesley Thomas was denied by the District Court after a plenary hearing at which petitioner was represented by court-appointed counsel. This appeal followed.

Thomas, after waiving a jury trial, was tried by the Circuit Court of Fairfax County, Virginia, convicted of the offense of armed robbery and is now imprisoned pursuant to sentence duly imposed. His principal attack upon his trial and conviction is based upon the introduction in evidence of certain oral admissions of guilt and a written confession alleged to have been extracted from him through coercion. The District Court heard the testimony of the petitioner and other witnesses, resolved the conflicts and found that the admissions and confession were not coerced but were voluntarily given. We shall briefly sketch the facts which find support in the record.

At approximately 4:25 a. m. on November 23, 1962, a car driven by Thomas was stopped by District of Columbia police for a traffic violation (improper lights) and neither Thomas nor any of the other occupants of the car could produce a proper driver's license. In his testimony, Thomas revealed that he had been drinking rather heavily and that he was "booked" for a traffic violation and for drunkenness. In checking the car and its occupants police found a gun under the front seat and Thomas and his five companions were taken to District of Columbia Precinct 9.

The car bore Maryland license tags so the District of Columbia police contacted Baltimore and were informed that the Fairfax, Virginia, police department was looking for this vehicle in connection with an armed robbery of Evan's Inn which had occurred earlier that night or morning in Fairfax County, Virginia. District of Columbia police contacted Fairfax authorities and informed them that the robbery suspects were in custody.

According to witness Boswell, he and Briggman, both Fairfax police officers, arrived in Washington, D. C., around 5 a. m. Mr. Evans, the owner of Evan's Inn, and some of his employees soon arrived at Precinct 9 and in a "lineup" they identified Thomas and two or three of his companions as persons involved in the robbery. Officers Briggman and Boswell talked to the men who had been so identified and they admitted their part in the robbery. These two officers returned to Fairfax around 7 a. m. to secure warrants and, after obtaining warrants for Thomas and his five companions, returned to Washington about 1:30 p. m. Thomas and the others who had been identified then signed waivers of extradition and were delivered to the Fairfax officers about 2:30 p. m. They arrived in Fairfax at approximately 3:30 p. m. and were taken before a magistrate, who was at the jail. The warrants were then served and bail was set.

Boswell testified that sometime between 4 p. m. and 7:30 to 8 p. m. Thomas and two or three of his companions confessed their part in the robbery, a writ-

ten statement was prepared in question-and-answer form and Thomas signed it. This is the confession admitted in evidence against him at his trial.

Thomas contends that his oral admissions of guilt were coerced (1) by the brutality of District of Columbia police and (2) by false representations by the police that one of his companions had made a confession and had implicated him. There was no complaint with regard to the treatment accorded him after his removal to Fairfax.

The District Court noted that Thomas' petition does not concisely state the contentions but, with the assistance of petitioner's counsel "the issues have been clearly presented." [1] Thomas testified that the District of Columbia police beat him with their hands and fists in the presence of officer Briggman. Two alleged accomplices testified they saw blood running from Thomas' ear and that Thomas told them he had been beaten. However neither of the accomplices witnessed any brutality according to their testimony. The officers denied these charges. After hearing all of the testimony the District Court announced from the bench his findings of fact and conclusions of law. We quote pertinent portions therefrom, as follows:

"The Court has determined the admissibility of the confession without regard to its truth or its falsity. Rogers v. Richmond, 365 U.S. 534 [81 S.Ct. 735, 5 L.Ed.2d 760] (1961). Ordinarily the Court would not even receive the evidence on the petitioner's participation in the crime, and it was only on the petitioner's request that it was received.

\*   \*   \*   \*   \*   \*

"There is a conflict in the evidence pertaining to police conduct in Washington. The petitioner, Mr. Thomas, charges that the Washington police extracted from him an oral confession by physical abuse. \*  \*  \*.

"The Court finds that he was not beaten, that there was no physical abuse practiced upon him in Washington. The Court also finds that the statement in Washington was not extracted from Mr. Thomas by Mr. Briggman's telling Mr. Thomas that another co-defendant had confessed and he might as well confess and get the matter straight. There was no coerced confession of a co-defendant.

"Mr. Thomas was brought from Washington to Fairfax. That occurred under these circumstances. The Washington police notified the Fairfax police that the suspects had been picked up. Fairfax police went over to Washington. They, in due course, returned to Fairfax, got warrants, returned to Washington with the warrants, and then the suspects including Mr. Thomas, having waived extradition—the suspects, including Mr. Thomas, were brought back to Fairfax County.

"Upon return to Fairfax they were taken before a magistrate. The warrants were executed and bond was fixed. After this was done they were taken to jail and there Thomas made a confession which was introduced at the trial. The Court finds that no coercion, no physical abuse was practiced by the

1. In announcing findings of fact and conclusions of law the District Court said:
    "The petitioner complains because a confession was introduced into evidence which he contends was coerced by physical abuse and which he also contends was coerced because of a statement made to him that a co-defendant had confessed and he might just as well confess, too. He also complains that he did not re-

ceive effective representation by his counsel. This allegation is really narrowed down to the question of whether counsel should have protested because of the lapse of time between the return of the petitioner to Fairfax County from Washington, D. C. and the time that he was taken before a magistrate and whether a confession was extracted in the interim."

Fairfax police. No trickery or fraud concerning any co-defendant was practiced by the Fairfax police with regard to the confession which Mr. Thomas voluntarily gave. The Court finds that the confession given in Fairfax was not the product of an illegally coerced confession in Washington.

"Turning now to the very interesting question about the delay. Mr. Thomas waived extradition in Washington. The Fairfax police already had Virginia warrants. The Fairfax police could not take the defendant before a Washington magistrate on the Virginia warrants. They first had to get back to Virginia. The only practical time to consider, it appears to the Court, concerning the delay, is the interval between the delivery of the prisoners in Washington and the production before a Virginia magistrate. The Court finds there was no unreasonable delay. In fact, there appears to have been no delay of any consequence from the time that the Fairfax police got custody of the defendants, brought them over to Virginia and as their first action took them before a magistrate.

"The Court finds that the petitioner Mr. Thomas was effectively represented in his trial. The only complaint is the failure to have the confession excluded, and this is unfounded.

\*   \*   \*   \*   \*   \*

"The Court concludes that no constitutional right of the petitioner, Mr. Thomas, was violated by reason of the introduction of the confession. No 6th amendment right was denied him by reason of the quality of the representation which he had."

■ Thus the District Court disposed of the issues raised by the petition and as developed with the assistance of petitioner's counsel. The Court's findings with reference to the absence of coercion by brutality or trickery and the voluntariness of the oral admissions in Washington and the written confession signed in Fairfax are fully supported by the evidence and will not be disturbed.

■ On appeal, court-appointed counsel (not the same counsel who appeared for petitioner in the court below) has attempted to assert a claim of violation of petitioner's constitutional rights under the holding of the Supreme Court in Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (June 22, 1964). No *Escobedo* question was presented to or considered by the District Court. The evidence and findings below contained no specific reference to either lack of representation by counsel or request for the assistance of counsel during the period of petitioner's detention following his lawful arrest in Washington, D. C., and prior to the taking of his written confession in Fairfax, Virginia. In view of the intimation on appeal of the existence of a constitutional right and a violation thereof under Escobedo and in fairness to the petitioner, we think that Thomas should be accorded the opportunity, within a reasonable time as determined by the District Court, to amend his petition if he can. It may be that petitioner has not pursued available procedures in the courts of Virginia and has not exhausted his remedies in those courts with respect to the *Escobedo* question which he seeks now to present on appeal; if so, he could not properly amend his petition for federal habeas corpus relief in that regard or raise the question by a new petition until he has sought and has been denied relief in the courts of the Commonwealth. We, therefore, remand the case to the District Court for such further proceedings as it may determine to be appropriate and necessary in the circumstances.

Remanded.