Calvin Michael AREY, Appellant,

v.

C. C. PEYTON, Superintendent of the Virginia State Penitentiary, Appellee.

No. 11037.

United States Court of Appeals Fourth Circuit.

Argued May 2, 1967.

Decided June 19, 1967.

John J. Kirby, Jr., Charlottesville, Va. (Court-assigned counsel) for appellant.

Reno S. Harp, III, Asst. Atty. Gen. of Virginia (Robert Y. Button, Atty. Gen. of Virginia, on brief) for appellee.

Before HAYNSWORTH, Chief Judge, and BRYAN and CRAVEN, Circuit Judges.

HAYNSWORTH, Chief Judge:

Arey, a Virginia prisoner, appeals from the dismissal without a hearing of a petition in which he asserts undue interference with his access to the courts. We

think the uncontroverted allegations of the petition require further inquiry.

The petition alleged that Arey addressed a letter to the Warden, in which he stated that he was so inexperienced and untutored that he could not prepare a petition for submission to a court without assistance. He requested permission to seek and obtain the assistance of a fellow inmate in the prison. He alleged that immediately after this letter had been written to the Warden his cell in the Maximum Security Building in the Virginia State Penitentiary building was padlocked, and that he was kept in solitary confinement there. He alleges that he was told in a subsequent interview with the Warden that there was no rule against gratuitous assistance by one prisoner of a follow prisoner in the preparation of petitions or other communications to be addressed to a court, but the petition charges that such a rule is in effect and is enforced by the guards in "C" Building.

The District Judge dismissed the petition on the ground that, while the Warden and his subordinates could not deny Arey access to the courts, Arey had no right to the assistance of whomever he chose in the preparation of petitions for filing in courts. The proposition is quite correct in the sense that the rendition and receipt of such assistance are subject to reasonable rules and regulations in the prison. It is incorrect, as the Warden in this Court acknowledged, if it is meant that a prisoner, who has no other source of assistance and who cannot write or cannot compose a petition which would reveal the factual basis of his claim, is not entitled to the assistance of a fellow prisoner, who is more accomplished.

It is now apparent that Arey sought the assistance of Robert J. Landman, a jailhouse lawyer, with whom the prison authorities had experienced considerable difficulty and who was believed by them to be proffering his services for compensation. See Landman v. Peyton, 4 Cir., 370 F.2d 135. If the Warden is entitled to restrict Landman's activities in preparing petitions and other papers for fellow prisoners for compensation, he is entitled, of course, to restrict Landman's preparation and prosecution of requests in the name of fellow prisoners, the purpose of which is to obtain the assistance and services of Landman.

Our difficulty is that Landman's role is not disclosed in the pleadings or on the record, and even if Arey's request for assistance specifically mentioned Landman, solitary confinement for several weeks, if occasioned solely by Arey's open request to the Warden, may still be such an oppressive and inappropriate response as to amount an undue interference with Arey's access to the courts.

Dismissal of the petition will be vacated and the case remanded to the District Court, with leave to the Commonwealth to amend its answer so as to present the matter of Landman's involvement and its contention as to the reason for isolation of Arey soon after he had presented his letter for delivery to the Warden, and for such other proceedings as may then appear appropriate in light of the amended pleadings.

Vacated and remanded.