**Delbert CLINE, Petitioner,**

v.

**C. C. PEYTON, Superintendent of the Virginia State Penitentiary, Respondent.**

**Civ. A. No. 67–C–37–H.**

United States District Court
W. D. Virginia,
Harrisonburg Division.

Feb. 16, 1968.

Reno S. Harp, III, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION and JUDGMENT

DALTON, Chief Judge.

This case comes to the court upon a petition filed *in forma pauperis* by a state prisoner, pursuant to 28 U.S.C. § 2254.

Petitioner is currently serving a term of twenty-five years in the Virginia State Penitentiary, pursuant to a conviction for felonious assault and robbery by the Circuit Court of Rockingham County, on November 18, 1953. At his trial petitioner was represented by counsel of his own choosing. Petitioner waived his right to trial by jury and entered a plea of guilty.

A habeas corpus hearing was conducted by the state court in Rockingham County on June 8, 1966. Petitioner was represented by court-appointed counsel and was afforded an opportunity to present testimony in his own behalf. The writ was denied by an order entered August 1, 1966. On April 21, 1967 the petitioner's writ of error was denied by the Supreme Court of Appeals of Virginia.

■■ Petitioner now seeks a writ of habeas corpus from this court alleging seven (A through G) grounds for relief. Allegations A, B, C, E and G have not been presented to the state courts and thus petitioner has failed to exhaust his available state remedies. This court will not consider petitioner's federal writ of habeas corpus until such time as petitioner has sought and been denied relief in the courts of the Commonwealth. Thomas v. Commonwealth, 357 F.2d 87 (4th Cir. 1966); Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).

It is therefore adjudged and ordered that allegations A, B, C, E and G of the petition for habeas corpus be, and the same are hereby dismissed without prejudice to file a petition in the state courts.

It appears that the petitioner has exhausted his state remedies with regard to allegations D and F which deal with ineffective representation of counsel and failure to advise the petitioner of his right to appeal. Accordingly, this court will consider allegations D and F of the prisoner's petition for a writ of habeas corpus.

The record reveals the following basic facts: On September 2, 1953, the petitioner was arrested in Lexington, Virginia. The record is ambiguous as to the next stage of the proceedings. The record of the trial court indicates that petitioner waived his right to a preliminary hearing, but also indicates that petitioner entered a plea of not guilty at the preliminary hearing. Petitioner employed counsel, Mr. Julius Hickman, on September 10, 1953. Mr. Hickman is now deceased, thus he was not available at the state habeas corpus hearing. Petitioner conferred with his attorney several times before trial and petitioner contends that he understood that a plea of not guilty would be entered. Petitioner further contends that his attorney, Mr. Hickman, was not present the day petitioner entered his plea of guilty. Mr. Hickman's associate, Mr. James G. Bowman, was present but petitioner contends that Mr. Bowman knew nothing of petitioner's case and was not competent to represent him. The trial court accepted petitioner's plea of guilty, and sentenced petitioner to two twenty-five year sentences, such sentences to run concurrently. A more detailed presentation of the pertinent facts is covered later in this opinion.

Having studied the record, this court is satisfied that the record is an adequate basis on which to make a decision. Therefore, there is no need for a plenary hearing.

■ In allegation F of the present petition, the petitioner contends that he was not advised of his right to appeal. Petitioner entered a plea of guilty, and it is difficult to conceive of how he could appeal the conviction. Thus this court finds no merit to allegation F of the petition.

■ In allegation D, petitioner contends that he was denied effective representation of counsel because his employed counsel, Mr. Hickman, was not present when petitioner entered a plea of guilty. This court finds such allegation to be without merit. The only evidence to support petitioner's allegation is petitioner's own rather confusing testimony. At his state habeas corpus hearing petitioner testified as to various dates at which his attorney was or was not present. Ultimately it appeared that petitioner contends his attorney was absent only on the day that petitioner's plea of guilty was entered. The Common Law Order Book contains a notation of the initials of both Mr. Hickman and Mr. Bowman on the day the guilty plea was entered. Furthermore, the deputy clerk of the court testified that these initials would not have been entered unless both Mr. Hickman and Mr. Bowman were in fact present that day. It is clear that a prisoner seeking "his release by habeas corpus on the ground of ineffective assistance of counsel has the burden of proving the charge made * * * the denial of a petitioner's constitutional rights must be proved by a preponderance of the evidence." Peyton v. Fields, 207 Va. 40, 147 S.E.2d 762, 766 (1966). Petitioner here has failed to meet his

burden of proof in establishing ineffective representation of counsel.

For the reasons stated in this opinion and upon mature consideration of the facts relied upon by petitioner in the case at bar, this court feels that allegations D and F are without merit.

Therefore it is hereby adjudged and ordered that allegations D and F of the petition for habeas corpus be and hereby are denied.

The clerk is directed to send certified copies of this opinion and judgment to the petitioner and to the respondent.