**Lewis J. MORGAN, Petitioner,**

v.

**C. C. PEYTON, Superintendent of the Virginia State Penitentiary, Respondent.**

**Civ. A. No. 68–C–6–C.**

United States District Court
W. D. Virginia,
Charlottesville Division.

Feb. 29, 1968.

Overton P. Pollard, Asst. Atty. Gen., Richmond, Va., for respondent.

Opinion and Judgment

DALTON, Chief Judge.

This case comes to the court upon a petition for a writ of habeas corpus, filed *in forma pauperis,* by a state prisoner pursuant to 28 U.S.C. § 2254.

Petitioner is currently detained in the Virginia State Penitentiary, pursuant to a judgment of the Hustings Court of the City of Roanoke of April 30, 1946, petitioner's parole from said sentence having been revoked on October 14, 1964. Petitioner brings this writ of habeas corpus to attack a conviction of malicious wounding by the Circuit Court of Nelson

County on September 2, 1964. At his trial petitioner was represented by counsel of his own choosing. Petitioner waived his right to trial by jury and entered a plea of guilty.

A habeas corpus hearing was conducted by the state court in Nelson County on June 10, 1966. Petitioner was represented by court-appointed counsel and was afforded an opportunity to present testimony in his own behalf. The writ was denied by an order entered November 15, 1966. On November 6, 1967 petitioner's writ of error was denied by the Supreme Court of Appeals of Virginia.

Petitioner now seeks a writ of habeas corpus from this court alleging essentially the same errors he raised in his state court hearing. Petitioner alleges the following grounds: (1) illegal detention and interrogation, (2) coerced guilty plea, (3) denial of right to appeal, (4) ineffective representation of counsel.

Having studied the record, this court is satisfied that the record is an adequate basis on which to make a decision. The petitioner's allegations are frivolous and without any substantial support, therefore there is no need for a plenary hearing.

Petitioner's first allegation is that he was subjected to illegal detention and illegal interrogation. Specifically petitioner contends that he was arrested without a warrant, and was not taken promptly before a magistrate to be charged. At the state habeas corpus hearing the sheriff testified that petitioner was arrested on suspicion of committing a felony, thus no warrant was necessary. The only delay involved was in driving petitioner from the place of arrest to the jail. The sheriff testified that petitioner would have been taken immediately before a magistrate but the police delayed a short time in order to allow petitioner to consult with his attorney. It should be noted that all of this testimony is unchallenged since petitioner did not testify at his state hearing. Thus the court finds no merit to petitioner's first allegation.

The remainder of petitioner's allegations are also totally without merit. Petitioner alleges that he was coerced to enter a plea of guilty. But petitioner's trial attorney testified that he explained all of the possibilities to petitioner, and the ultimate decision to plead guilty was made by petitioner. At the time of the trial petitioner stated in open court that he understood his rights and desired to enter a plea of guilty. Petitioner also alleges that he was not advised of his right to appeal, but since he entered a plea of guilty, it is difficult to understand what he would appeal. Petitioner's allegation of ineffective representation of counsel is based on the foregoing two allegations. That is, petitioner claims ineffective representation of counsel because his attorney coerced him to plead guilty, and did not advise petitioner of his right to appeal. This court has already stated that these two allegations are groundless and there is no need to repeat what has already been stated.

For the reasons stated in this opinion and upon mature consideration of the facts relied upon by petitioner in the case at bar, this court feels that the allegations are without merit.

Accordingly, it is hereby adjudged and ordered that the petition for habeas corpus be, and hereby is denied.

The clerk is directed to send certified copies of this opinion and judgment to the petitioner and to the respondent.