Feaster James BROWN, Petitioner,

v.

The STATE OF SOUTH CAROLINA, Ellis C. MacDougall, Director, South Carolina Department of Corrections, Respondents.

Richard GATES and Fred Lee Painter, Petitioners,

v.

STATE OF SOUTH CAROLINA, Ellis C. MacDougall, the Director, South Carolina Department of Corrections, Respondents.

Jerry L. PERRY, Petitioner,

v.

STATE OF SOUTH CAROLINA, Ellis C. MacDougall, Director, South Carolina Department of Corrections, Respondents.

Thomas Andrew GANDOLFO, Petitioner,

v.

STATE OF SOUTH CAROLINA, Ellis C. MacDougall, Director, South Carolina Department of Corrections, Respondents.

George JONES, Petitioner,

v.

The STATE OF SOUTH CAROLINA, Ellis C. MacDougall, Director, South Carolina Department of Corrections, et al., Respondents.

William GUNTHER, Petitioner,

v.

STATE OF SOUTH CAROLINA, Ellis C. MacDougall, Director, South Carolina Department of Corrections, et al., Respondents.

Dozier GERALD, Petitioner,

v.

STATE OF SOUTH CAROLINA, Ellis C. MacDougall, The Director, South Carolina Department of Corrections, Respondents.

Robert McCORMICK, Petitioner,

v.

STATE OF SOUTH CAROLINA, Ellis C. MacDougall, The Director, South Carolina Department of Corrections, et al., Respondents.

Holman O. WALLACE, Jr., Petitioner,

v.

STATE OF SOUTH CAROLINA, Ellis C. MacDougall, Director, South Carolina Department of Corrections, et al., Respondents.

Kenneth FROST, Petitioner,

v.

STATE OF SOUTH CAROLINA, Ellis C. MacDougall, The Director, South Carolina Department of Corrections, et al., Respondents.

Civ. A. Nos. 68–288, 68–315, 68–319, 68–320, 68–327, 68–332, 68–338, 68–339, 68–451, 68–466.

United States District Court
D. South Carolina,
Columbia Division.

July 15, 1968.

G. H. Martin, Columbia, S. C., court-appointed, for petitioners.

Daniel R. McLeod, Atty. Gen., Emmet H. Clair, Asst. Atty. Gen., for respondents.

## OPINION and ORDER

DONALD RUSSELL, District Judge.

Petitioners, all inmates of the South Carolina Penitentiary, have filed these proceedings in *habeas corpus* by way of challenge to certain rules issued by the Director of the South Carolina Department of Corrections (who supervises the operation of the Penitentiary) governing the preparation and processing of petitions in *habeas corpus* by inmates of the Penitentiary.

The challenged rules were promulgated several years ago shortly after a "writ room" was established at the Penitentiary.[1] Under these rules, all petitions for *habeas corpus* by any prisoner are required to be prepared in this "writ room". Any prisoner, desiring to file a petition, submits a written application for the use of the "writ room". Pursu-

---

1. The establishment of such writ room was found to violate no constitutional rights of the prisoners incarcerated in the state institution in Ex Parte Wilson (D.C.S.C.1964) 235 F.Supp. 988, aff. by Memorandum Order, January 21, 1965. The validity of the rules governing the use of such writ room was not, however, put in issue in that case and was not determined.

ant to such application, a date and time for his use is fixed by the prison authorities and the prisoner is duly advised. The prisoner is denied the right to take with him into the "writ room" any papers, books or written material of any kind. Writing material and a few legal reference books are available in the rooms. He is allowed no assistance unless illiterate, in which case another prisoner, proficient in typing but possessing no other special qualifications, is made available for the purpose of writing the complaint as dictated by the inmate. Any petition not prepared in accordance with such requirements will not be mailed out by the prison authorities.

These rules have not, however, been strictly observed. For instance, arrangements have been made by the respondent with the Legal Aid Society of Columbia, with the Public Defender of Richland County and with the Law School of the University of South Carolina to provide from time to time assistance to prisoners in preparing petitions in habeas corpus. Such assistance is not provided on any regularized basis, is not expeditious and varies with the availability of personnel on the part of the several agencies or institutions involved in the program. Moreover, the agencies—or, at least, some of them—exercise the right to determine whether a claim is meritorious; and, unless they conclude that a claim is worthy, a petition is not prepared.[2]

The most significant deviation from the rules and regulations, though, involves the inconsistent treatment of petitions to the state court and those to the federal court. Save for the limited assistance occasionally available to prisoners through the three agencies already mentioned, an inmate seeking to file a petition in habeas corpus in the state court must conform strictly to the rules and regulations generally described supra. If, on the other hand, the petition is to be filed in federal court, the prisoner is permitted to secure such assistance as he can, including that of fellow prisoners, and, when his petition has been so composed, the respondent promptly processes it, without review or hindrance, for filing with this Court. As a matter of fact, that procedure was followed in the preparation and filing of these petitions, all of which were prepared by a fellow prisoner of the petitioners.

This inconsistency in the procedure observed in connection with petitions to the state and federal courts was freely admitted by the respondent.[3] The respondent also candidly admitted that the procedure followed for federal petitions presented no specal disciplinary problems and worked satisfactorily.

The petitioners testified, without contradiction, that because of their limited educational background and want of acquaintance with law, they were unable, without assistance, to prepare a petition in habeas corpus. They argued that, under the plain language of the rules challenged they are denied effectively the right of redress to any court and that, by the restricted application of such rules adopted by the respondent (as distinguished from the broad proscription of the language of the rules themselves) access to state courts is closed

2. Cf., Ex Parte Hull (1941) 312 U.S. 546, 549, 61 S.Ct. 640, 642, 85 L.Ed. 1034, reh. den. 312 U.S. 716, 61 S.Ct. 823, 85 L.Ed. 1146, where, speaking of a prison regulation that gave to the representative of the Parole Board the right to pass upon a petition by a prisoner for habeas corpus before permitting the filing of such petition, the Court said " * * * the state and its officers may not abridge or impair petitioner's right to apply to a federal court for a writ of habeas corpus. Whether a petition for writ of habeas corpus addressed to a federal court is properly drawn and what allegations it must contain are questions for that court alone to determine."

3. It should be observed, however, that such inconsistent treatment of federal and state petitions for habeas corpus was not motivated by any purpose to restrict unduly the prisoners' access to the Courts. Impermissible discrimination, however, cannot be legalized by good faith.

to them. By their petitions filed herein, they seek the invalidation of the rules in question as unconstitutional restraints on their right of access to the courts.

■ Unquestionably, prison authorities have a wide latitude in promulgating rules and regulations, such as those challenged here, dealing with prisoner conduct and discipline; [4] and courts are understandably loath to involve themselves in matters of prison management.[5] In keeping with this principle, no restraint will be judicially placed on the right of the prison authorities to impose regulations "which are necessary or reasonable concomitants of imprisonment." [6] But under no circumstances does such judicial restraint, or "hands off" policy as it has been described,[7] extend to regulations that impair the constitutional rights of the prisoners and particularly their "constitutional right * * * to be accorded unfettered access to the courts to seek vindication of their rights." [8] And a prisoner, such as the petitioners are, has a plain right to challenge judicially prison rules which impair such constitutional rights.[9]

■■ As has been observed, the rules attacked by the petitioners are strictly enforced when the preparation of any petition in *habeas corpus* to the state court is involved; despite its unqualified language, they are disregarded in the preparation of petitions for filing with the federal court. This inconsistency is rendered particularly burdensome by the requirement, normally observed, that resort to the state courts must precede any *habeas corpus* action by a state prisoner in the federal court.[10] No reason is assigned for such inconsistency. It is, however, conceded that the procedure observed for some time in connection with the preparation of federal petitions has presented no disciplinary problem of any kind. Under such circumstances, the inconsistent and discriminating enforcement of the rules is impermissible. Petitioners are constitutionally entitled to the same rights in the composition of their petitions for filing in state court as in the prepara-

4. McCloskey v. State of Maryland (C.C.A. 4 1964) 337 F.2d 72, 74; Kostal v. Tinsley (C.C.A.10 1964) 337 F.2d 845, 846, cert. den. 380 U.S. 985, 85 S.Ct. 1354, 14 L.Ed.2d 277; Vida v. Cage (C.C.A.6 1967) 385 F.2d 408, 409.

5. Abernathy v. Cunningham (C.C.A.4 1968) 393 F.2d 775, 779; Childs v. Pegelow (C.C.A.4 1963) 321 F.2d 487, 489, cert. den. 376 U.S. 932, 84 S.Ct. 702, 11 L.Ed.2d 652; Roberts v. Pegelow (C.C.A.4 1963) 313 F.2d 548, 551; Sewell v. Pegelow (C.C.A.4 1961) 291 F.2d 196, 197; Henson v. Welch (C.C.A.4 1952) 199 F.2d 367, 368; Schack v. Wainwright (C.C.A.5 1968) 391 F.2d 608; Banning v. Looney (C.C.A.10 1954) 213 F.2d 771.

6. Edwards v. Duncan (C.C.A.4 1966) 355 F.2d 993, 994; Lee v. Tahash (C.C.A.8 1965) 352 F.2d 970, 972–973; Barkin, The Emergence of Correctional Law and the Awareness of the Rights of the Convicted, 45 Neb.L.Rev. 669, 673 (1966). See, also, Howard v. Smyth (C.C.A.4 1966) 365 F.2d 428, cert. denied 385 U.S. 988, 87 S.Ct. 599, 17 L.Ed.2d 449, dissenting opinion, Abernathy v. Cunningham (C.C.A.4 1968) 393 F.2d 775, at p. 780.

7. See, Fritch, Civil Rights of Federal Prison Inmates (1961) p. 31.

8. Landman v. Peyton (C.C.A.4 1966) 370 F.2d 135, 137, note 1, cert. den. 388 U.S. 920, 87 S.Ct. 2142, 18 L.Ed.2d 1367; Sewell v. Pegelow (C.C.A.4 1961) 291 F.2d 196, 198.

9. The appropriate proceeding is by way of a suit for injunctive relief, though a number of Courts have sustained *habeas corpus* as the proper remedy. For the view that injunction is the appropriate proceedings, see Roberts v. Pegelow (4th Cir. 1962) 313 F.2d 548, 549–550; Sewell v. Pegelow (4th Cir. 1961) 291 F.2d 196, 197; Childs v. Pegelow (4th Cir. 1963) 321 F.2d 487. In Coffin v. Reichard (6th Cir. 1944) 143 F.2d 443, 445, 155 A.L.R. 143, and Johnson v. Avery (6th Cir. 1967) 382 F.2d 353, 355, cert. granted 390 U.S. 943, 88 S.Ct. 1071, 19 L.Ed.2d 1131, *habeas corpus* was found to be an acceptable remedy.

10. Section 2254, 28 U.S.C.A.; Thomas v. Commonwealth of Virginia (C.C.A.4 1966) 357 F.2d 87, 90.

tion of their petitions for the federal court.[11]

■ This leaves for consideration the validity of the rules and regulations, if strictly applied to the preparation of petitions in *habeas corpus* to both state and federal courts. The respondent has, however, indicated it proposes to abandon the discriminatory method of dealing with petitions to state and federal courts and to follow the same procedure in state applications as is now observed in the case of federal petitions. It is thus unnecessary to consider whether the rules and regulations, if strictly applied to both federal and state petitions, could, under the facts established in this proceeding, receive judicial sanction as reasonable restraints on the rights of the petitioners to secure "unfettered access" to the courts for the vindication of their rights.[12]

Upon the specific understanding that the petitioners shall be given the same rights in the preparation, composition and processing of petitions for *habeas corpus* to be filed in the appropriate State Court as are presently allowed for the preparation and filing of such petitions in the Federal Court, thereby eliminating the restraints imposed by the challenged rules, the issues posed by the petitioners may be deemed moot.[13] Jurisdiction, however, will be retained for a reasonable time to assure observance of the new procedure to be followed in connection with the filing of petitions in *habeas corpus* by prisoners at the South Carolina Penitentiary.

■ A number of the petitioners herein, in addition to their attack upon the rules limiting the preparation of petitions in *habeas corpus* by inmates of the State Penitentiary, seek relief in *habeas corpus* on substantive grounds in this Court. In none of such cases has an application been made to the State Court for relief. Since the respondent has voluntarily abandoned the use of the "writ room", no constitutional restraint exists upon the right of access by such petitioners to the State Court

---

11. Cochran v. State of Kansas (1942) 316 U.S. 255, 258, 62 S.Ct. 1068, 86 L.Ed. 1453. See, also, White v. Blackwell (D. C.Ga.1967) 277 F.Supp. 211, 219 ("The rule therefore not being enforced as to a number of prisoners, cannot be enforced as to others"); Hatfield v. Bailleaux (C.C.A.9 1961) 290 F.2d 632, 635, cert. den. 368 U.S. 862, 82 S.Ct. 105, 7 L.Ed.2d 59.

12. In Arey v. Peyton (C.C.A.4 1967) 378 F.2d 930, 931, Chief Judge Haynsworth observed that a prisoner who, by reason of educational deficiencies, is unable to compose his own petition in *habeas corpus*, is entitled, subject to reasonable rules, to the assistance of a more accomplished fellow prisoner, if no alternative form of assistance is provided him. To the same effect is Coonts v. Wainwright (D.C.Fla.1968) 282 F.Supp. 893. To the contrary is Johnson v. Avery (C.C.A.6 1967) 382 F.2d 353, cert. granted 390 U.S. 943, 88 S.Ct. 1071, 19 L.Ed.2d 1131; cf. Hatfield v. Bailleaux (C.C.A.9 1961) 290 F.2d 632, 639, cert. denied 368 U.S. 862, 82 S.Ct. 105, 7 L.Ed.2d 59; Wilson v. Dixon (C.C.A.9 1958) 251 F.2d 338, 339, cert. den. 358 U.S. 856, 79 S.Ct. 89, 3 L.Ed.2d 90.

The view expressed by Chief Judge Haynsworth was inferentially approved in 46 Texas L.Rev. 567, 569–570 (1968), where, in commenting adversely on the *Johnson* opinion, it is stated:

"In light of *Ex Parte Hull*, the court of appeals should have required that those states prohibiting prisoner assistance provide an alternative source of assistance to prisoners who would otherwise be denied access to the federal courts. This approach would permit the states to protect their interests without abridging the right of access to the courts for prisoners. Lawyers could be appointed to assist in the preparation of petitions, or resort could be had to legal aid groups or to public defender systems. Those states not desiring to provide legal assistance to inmates could allow jailhouse lawyers to function *subject to reasonable prison regulation*." (Italics added)

See, also, in this connection, 33 F.R.D. 384–385; 72 Yale L.J. 506; 110 U.Pa.L. Rev. 985; Wis.L.Rev., April, 1967, 520–523; 15 Buffalo Law Rev. 415; 1968 Duke L.J. 343.

13. See, Pierce v. LaVallee (C.C.A.2 1961) 293 F.2d 233, 236; Barry v. Sigler (C. C.A.8 1967) 373 F.2d 835, 839.

for the adjudication of these substantive grounds. Becoming regard for proper comity between courts commands that these additional claims should be first presented and considered by the State Court; and resort to this Court on these substantive claims at this time is premature.

And it is so ordered.

The Court especially wishes to commend G. H. Martin, Esquire, for his able and conscientious representation, s appointed counsel, of the petitioners.