Bill C. RUNYON, Petitioner,

v.

J. D. COX, Superintendent, Virginia State Penitentiary, Respondent.

Civ. A. No. 69-C-37-H.

United States District Court, W. D. Virginia, Harrisonburg Division.

Feb. 2, 1970.

Edward J. White, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION and JUDGMENT

DALTON, Chief Judge.

This case comes before the court upon a petition for a writ of habeas corpus, having been filed in forma pauperis, in the United States District Court for the Eastern District of Virginia, at Richmond. This petition was transferred and filed in this court on the 6th of November, 1969. The petitioner, a state prisoner, filed this petition pursuant to 28 U.S.C. § 2254.

Petitioner Runyon is currently being detained in the Virginia State Penitentiary pursuant to a judgment of the Circuit Court of Shenandoah County on the 25th of March, 1966. His conviction of breaking and entering resulted in a six (6) year sentence which commenced to run on the 6th of June, 1966.

The Circuit Court of Shenandoah County heard petitioner's habeas corpus petition on the 31st of October, 1967 and later on the 23rd of January, 1968. Petitioner was represented by court-appointed counsel and was afforded an opportunity to present testimony in his own behalf. Although the court reporter was not present at the first plenary hearing, the parties involved herein have filed a "Narrative of Testimony" of the October 31st, 1967 hearing without objection as to its contents. Shortly thereafter, the petition was denied and dismissed by the Circuit Court, and later petitioner's writ of error was denied by the Supreme Court of Appeals of Virginia on December 6, 1968.

Now petitioner Runyon seeks a writ of habeas corpus from this court wherein he raises the following allegations:

1. Illegal search and seizure.

2. Coerced guilty plea.

3. Denial of the right to appeal.

4. Ineffective representation of counsel.

 The court records to date do not indicate that the petitioner has raised his illegal search and seizure allegation with the state court, namely the Circuit Court of Shenandoah County. Petitioner's failure to exhaust his available state remedies on this first allegation is detrimental. The allegation of illegal search and seizure will not be reviewed by this court until such time as the petitioner has sought and has been denied appropriate relief in the state courts.

As to petitioner's other three allegations of coerced guilty plea, the denial of the right to appeal and the ineffective representation of counsel, this court is satisfied that the petitioner has exhausted all his available state court remedies, in compliance with 28 U.S.C. § 2241.

After having examined the record, it is the view of this court that a plenary hearing is not necessary as the existing court records provide a sufficient basis upon which a final determination can be made.

 As to petitioner's first allegation, that is, being coerced into pleading guilty, the facts do not affirm any such contention. More specifically, the facts show that the petitioner was familiar with the indictments placed against him, that after consultation with his court-appointed attorney, Mr. Robert P. Bauserman, it was the proper plea to make, and that for all intents and purposes, the plea was voluntary and intelligently made without any coercive elements therein. The record clearly shows that the ultimate decision as to his plea was always entirely with the petitioner on each of the eighteen counts of breaking and entering.

 The second allegation, namely, denial of the right to appeal, has been well settled by the Virginia courts and followed by this court in its past decisions. In the very recent case of Peyton v. King, 210 Va. 194, 169 S.E.2d 569 (Sept. 1969), the Virginia Supreme Court of Appeals undertook to examine a person's right of appeal after he had entered a plea of guilty. The court, in unmistakable language, stated as follows:

The Attorney General concedes that a plea of guilty does not foreclose an appeal where, unlike the present case, there is involved a question of jurisdiction or a claim that a sentence exceeds that authorized by law. In all other cases, however, the Attorney General contends, an appeal will not lie from a conviction in a court of record where defendant enters a voluntary and intelligent plea of guilty.

We agree with the Attorney General. His position finds support in the earlier opinions of this court.

The Supreme Court of Appeals further went on to say:

Thus, a voluntary and intelligent plea of guilty by an accused is, in reality, a self-supplied conviction authorizing imposition of the punishment fixed by law. It is a waiver of all defenses other than those jurisdictional, effective as such not only in the lower court but as well in this court. *Where a conviction is rendered upon such a plea and the punishment fixed by law is in fact imposed in a proceeding free of jurisdictional defect, there is nothing to appeal.* To take any other view would give recognition to an empty right and permit frivolous appeals for the mere sake of delay. (Emphasis added)

Two years ago, this court pronounced the same principle. See Morgan v. Peyton, 281 F.Supp. 522 (1968) and Cline v. Peyton, 280 F.Supp. 295 (1968).

The facts presented in the petition before this court clearly show no jurisdictional defense, and that the plea of guilty was voluntary and intelligently made by the petitioner. Thusly, the petitioner was not denied his right to appeal his case as he alleges.

 The final allegation centers on the ineffective representation of his court-appointed counsel, the now deceased Robert P. Bauserman. A review

of the narrative testimony given at the habeas corpus hearings does not substantiate petitioner's claim. The record clearly bears out the fact that not only did the petitioner's court-appointed counsel discuss and fully explain the charges and punishment involved on the several occasions in question, but he was successful in having the case postponed for a length of time, moved the court for a bill of particulars on the various crimes involved and thoroughly discussed the case with the Commonwealth's Attorney. The narrative testimony taken on the 31st of October, 1967 points out the role played by court-appointed counsel. Further, the Commonwealth's Attorney testified that he did not negotiate with the court-appointed counsel as to the possible recommendations that could be made in the case at bar. He went on to state that only through the efforts of petitioner's counsel, in his argument before the court, was the petitioner able to receive a "very light sentence" in relation to the punishment he could have received on the eighteen indictments for breaking and entering.

This court views counsel's representation as anything but ineffective. In a case dealing with the question of ineffective counsel, the burden of proof rests upon the petitioner, a proof that must be established by a preponderance of the evidence. Peyton v. Fields, 207 Va. 40, 147 S.E.2d 762 (1966). The petitioner herein has clearly failed to meet such a standard.

Finally, petitioner maintains his innocence from the crimes involved. The Deputy Sheriff, who was involved in the case, stated at the habeas corpus hearing as follows:

> I testified at the trial, and I remember testifying in the case relative to the admissions. I don't recall whether the admissions were made before or after Bauserman was appointed.

Throughout the habeas corpus petition Runyon constantly maintains his innocence of these crimes. The foregoing testimony by the Deputy Sheriff indicates an opposite conclusion and one which this court concurs in.

For the reasons stated herein, and after careful consideration of the facts within the record of the case at bar, it is the opinion of this court that petitioner's claims are without merit. As to petitioner's first claim regarding illegal search and seizure, it is the order of this court that said claim be denied and dismissed without prejudice. Once a petitioner has exhausted his available state court remedies relative to this claim, then this court will entertain a habeas corpus petition dealing with this subject. However, it is the judgment of this court that those claims, namely, coerced guilty plea, the denial of the right to appeal and the ineffective representation of counsel, as raised by the petitioner, should be denied and dismissed with prejudice. The records in this case cannot establish any other conclusion than the one we have reached herein.