Billy Wayne KING, Petitioner,

v.

J. D. COX, Superintendent, Virginia State
Penitentiary, Respondent.

Civ. A. No. 70-C-18-A.

United States District Court,
W. D. Virginia,
Abingdon Division.

April 29, 1970.

Gerald L. Baliles, Asst. Atty. Gen.,
Richmond, Va., for respondent.

OPINION AND JUDGMENT

DALTON, Chief Judge.

This case comes before the court on a petition for a writ of habeas corpus filed *in forma pauperis* by Billy Wayne King, a state prisoner, pursuant to 28 U.S.C.A. § 2241.

On the 16th of February, 1970, said petition was filed in the United States District Court for the Eastern District of Virginia, at Richmond, and transferred to this court. By order dated 19 February, 1970, this court filed said petition.

Petitioner King is currently serving a two (2) year sentence in the Virginia State Penitentiary pursuant to a judgment of the Corporation Court of the City of Bristol, imposed on the 12th of September, 1967. King voluntarily plead guilty to charges of attempted rape and forgery, and was sentenced to three (3) and two (2) years respectively. At this point in time, the petitioner has served the three (3) year sentence.

Petitioner King filed a petition for a writ of habeas corpus with the Corporation Court for the City of Bristol, with said court granting the writ. The respondent appealed the lower court's decision. On the 5th of September, 1969, the Virginia Supreme Court of Appeals reversed the judgment of the Corporation Court. With this in mind, this court concludes that petitioner King has exhausted his available state remedies in compliance with 28 U.S.C.A. § 2254, as interpreted in Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).

The petitioner seeks relief through the habeas corpus procedure because of an alleged denial of the right to appeal the above named conviction. This court is well aware of the question that the petitioner raises because we have dealt with it on various occasions. A review of past opinions demonstrates that this court is in accord with the judgment of the Virginia Supreme Court of Ap-

peals, rendered on the 5th of September, 1970.

In Peyton v. King, 210 Va. 194, 169 S.E.2d 569, 571 (1969), the Virginia Supreme Court of Appeals expressed the following view:

> * * * [T]hus, a voluntary and intelligent plea of guilty by an accused is, in reality, a self-supplied conviction, authorizing imposition of the punishment fixed by law. It is a waiver of all defenses other than those jurisdictional, effective as such not only in the lower court but as well in this court. Where a conviction is rendered upon such a plea and the punishment fixed by law is in fact imposed in a proceeding free of jurisdictional defect, there is nothing to appeal. To take any other view would give recognition to an empty right and permit frivolous appeals for the mere sake of delay.

As pointed out in respondent's Motion to Dismiss, and as supplemented by petitioner's own petition, the question of whether the plea was voluntary or coererced has not been raised. In similar fashion, there has been no allegation of a jurisdictional defect. Petitioner King only seeks to have this court review the decision of the Virginia Supreme Court of Appeals. In making our review, we have followed established procedure by looking to the substantive law of the state as controlling. Inasmuch as previous opinions by this court have affirmatively applied the concept basically set forth in Peyton v. King, we are compelled to so hold in the case presently before us. See, Morgan v. Peyton, D.C., 281 F.Supp. 522 (1968); Cline v. Peyton, D.C., 280 F. Supp. 295 (1968).

Therefore it is adjudged and ordered that the petition for a writ of habeas corpus be dismissed and the relief denied.

If the petitioner wishes to appeal this judgment or any part thereof, he may do so by filing with the clerk of *this* court a notice of appeal. Failure to file the notice of appeal within 30 days may re-sult in a denial of the right to appeal. The notice shall state the following:

1. The party or parties taking the appeal;

2. The judgment, order or part thereof appealed from; and

3. The court (United States Court of Appeals for the Fourth Circuit) to which the appeal is taken.