## Staunton

ROY E. BRYANT V. C. C. PEYTON, SUPERINTENDENT OF THE VIRGINIA STATE PENITENTIARY.

September 5, 1969.

Record No. 7050.

Present, All the Justices.

*Charles H. Osterhoudt* (*Langhammer & Osterhoudt*, on brief), for plaintiff in error.

*Gerald L. Baliles, Assistant Attorney General* (*Robert Y. Button, Attorney General*, on brief), for defendant in error.

CARRICO, J., delivered the opinion of the court.

The question for decision in this case is the same as that presented and today decided in *Peyton* v. *King*, 210 Va. 194, that is, whether an accused who is convicted upon a plea of guilty is entitled to appeal his conviction to this court.

The question arose in this case when Roy E. Bryant, the petitioner, filed on April 27, 1967, in the court below a petition for a writ of habeas corpus against C. C. Peyton, Superintendent of the Virginia State Penitentiary, the respondent. The petition alleged that on September 29, 1950, the petitioner was convicted in the lower court of murder in the first degree and was sentenced to life imprisonment. One of the grounds assigned in the petition was that the petitioner had been denied the right to appeal his conviction.

The trial court held a plenary hearing on the petition for habeas

corpus and dismissed it. We granted the petitioner a writ of error limited to consideration of the question set out at the opening of this opinion.

The record of the petitioner's criminal proceeding and the evidence at the habeas corpus hearing show that the petitioner, represented by assigned counsel, entered a plea of guilty to an indictment charging him with the murder of his wife and that his conviction was based upon such plea. After a 2½ day hearing and the securing of a probation report, the court sentenced the petitioner to life imprisonment. No objection or complaint was made when the conviction was entered or when sentence was imposed. Almost seventeen years later, the petition for habeas corpus was filed.

The trial court, at the hearing on the habeas corpus petition, ruled that the petitioner had failed to sustain his burden of proving that he requested an appeal of his original conviction. While there may be doubt that such a request was made, for the purpose of disposing of the question before us, we will assume that the request was made.

The petitioner does not contest the voluntariness of his plea nor claim that he did not understand the nature and effect thereof. Nor does he question the trial court's finding, which is fully sustained by the evidence, that the plea was voluntarily and intelligently entered. The petitioner claims no defect in the criminal court's jurisdiction and makes no complaint about the validity of his sentence. He rests his case solely upon the proposition that an indigent defendant is entitled to appeal his conviction and to have assistance of counsel for that purpose.

*Peyton* v. *King, supra,* holds that under circumstances such as those here presented, an accused is not entitled to seek an appeal to this court from a conviction rendered upon a plea of guilty. What was said in the *King* case is applicable with equal force here and is conclusive of the question for decision.

It was not error for the trial court to refuse to award the writ of habeas corpus. Accordingly, the judgment of the trial court will be affirmed.

*Affirmed.*