# Richmond

## CLIFFORD EUGENE RINGLEY v. COMMONWEALTH OF VIRGINIA.

January 19, 1970.

Record No. R-10357.

Present, All the Justices.

*D. H. Frackelton* (*Widener & Frackelton,* on petition), for plaintiff in error.

*David D. Brown, Commonwealth's Attorney for Washington County,* for defendant in error.

Per Curiam.

Clifford Eugene Ringley, the petitioner, seeks a writ of error to an order of the trial court of August 28, 1969, refusing him a "transcript of the evidence and incidents of trial" relative to his conviction of robbery on October 13, 1955. The petitioner wanted the transcript so that he could appeal his 1955 conviction to this court.

Following his conviction in 1955, the petitioner advised his retained counsel that he wished to appeal. However, no action was taken because the petitioner's family could not provide the necessary funds.

On January 25, 1967, the petitioner filed in the trial court a petition for writ of habeas corpus alleging that he had been inadequately represented by counsel at his robbery trial and had been

denied the right to appeal his conviction. After a plenary hearing, the trial court dismissed the petition. We refused a writ of error. *Ringley* v. *Peyton*, 208 Va. cv (1968).

The petitioner then applied for relief by way of habeas corpus to the United States District Court for the Western District of Virginia. His petition was dismissed by that court on May 23, 1968, and he appealed to the United States Court of Appeals for the Fourth Circuit.

The Court of Appeals, in an unreported memorandum decision, held that the petitioner "was not deprived of the effective assistance of counsel" at his robbery trial. The court further held, however, that the petitioner was denied "his right of appeal". Accordingly, the court vacated the order of the District Court and remanded with instructions "to retain the case for a reasonable time to permit Virginia the opportunity to allow an appeal" and if "such appeal is not now permissible or, if available, is not permitted within a reasonable time, the District Court will issue its writ of habeas corpus releasing Ringley from State custody".

Upon return of the case, the District Court entered an order retaining the case on its docket "pending the outcome of the proceedings in the Virginia State Courts". A copy of the order was certified to the trial court.

The trial court then appointed counsel to represent the petitioner "in attempting to perfect an appeal" of his robbery conviction. Counsel filed a motion asking that the petitioner be provided a transcript of the evidence of his trial. The court ruled that a transcript could not be provided because the reporter who took the testimony was dead and her notes had been destroyed. The court noted in its order that the petitioner had entered a plea of guilty at his 1955 trial "after having been fully advised by the Trial Judge of his rights." Accordingly, the court denied the petitioner's motion and refused the transcript.

The records of the petitioner's trial in 1955 show that his conviction of robbery was, in fact, based upon a plea of guilty. Those same records, the evidence adduced at the 1967 state court habeas corpus hearing, and the memorandum decision of the Court of Appeals for the Fourth Circuit all demonstrate that the plea was voluntarily and intelligently entered.

At the time the Court of Appeals rendered its decision in the petitioner's case (April 9, 1969), we had not decided *Peyton* v.

*King*, 210 Va. 194, 169 S.E.2d 569, and *Bryant* v. *Peyton*, 210 Va. 199, 169 S.E.2d 460, both announced September 5, 1969. In those cases, we held that no appeal lies from a conviction based upon a voluntary and intelligent plea of guilty where no question of jurisdiction is involved and no claim is made that the sentence exceeds that authorized by law.

Here, the petitioner has raised no jurisdictional questions and the sentence of which he complains is within the range fixed by law. Since his plea of guilty was voluntarily and intelligently entered, he is not entitled to appeal his conviction.

The trial court did not err, therefore, in refusing to provide the petitioner a transcript of the evidence of his trial. Accordingly, the petition for a writ of error will be refused.

*Writ of error refused.*