## CIRCUIT COURT OF NELSON COUNTY

Milton Edwin Fitzgerald

v.

R. M. Muncey, Superintendant,
Powhatan Correctional Center

May 11, 1977

By JUDGE WILLIAM W. SWEENEY

A plenary hearing was conducted on May 10, 1977. Although several issues were stated, the dispositive issue is whether petitioner's pleas of guilty to burglary and larceny charges on July 27, 1976, were freely and voluntary made without coercion. If so, the guilty pleas were self-supplied convictions which waived everything but jurisdiction and improper sentence. *Ringley* v. *Commonwealth*, 210 Va. 413 (1970); *Peyton* v. *King*, 210 Va. 194 (1969).

Petitioner was supplied with court appointed counsel shortly after his arrest. Before counsel was appointed, petitioner gave a statement implicating himself and others in the crime. As agreed, his bond was reduced to $1,000.00 because of his cooperation and he was released. I do not accept petitioner's claim that a deputy promised him a suspended sentence if he would confess.

Following grand jury indictment, the case came on for trial but was continued because of a last minute change of plea and request for jury trial. Later, petitioner escaped while on bond and went to Texas. He was finally apprehended and an arraignment was set for July 27, 1976.

The plea agreement made prior to the escape was modified so that petitioner was promised four and one-half year penitentiary sentences to run concurrently plus six months on the escape charge, a total of five years. This

offer by the Commonwealth was communicated to the petitioner by his counsel but was not accepted by petitioner until just before the hearing on July 27th.

On that morning, the Commonwealth's Attorney, in passing by the room where petitioner was being held, had a conversation with petitioner about the case. There is a conflict in the evidence as to what was said. This should not have been done. However, I do not accept petitioner's claim that the effect of the conversation was to coerce him into accepting the plea arrangement. After the trial judge had thoroughly questioned the petitioner, under oath, as to the effect of his guilty pleas and whether they were the result of any coercion, the pleas were accepted and the agreed punishment given.

As in other civil cases, the petitioner or moving party bears the burden of proving his claim by a preponderance of the evidence. I find that petitioner has failed to do so in this petition and his petition is therefore denied.

Additional reasons for my decision are:

1. Petitioner was no stranger to court procedure, having been previously convicted of a felony or felonies.

2. Several months after this trial, he filed a habeas corpus petition concerning this case in the Federal District Court in Charlottesville but failed to raise any issue as to a coerced plea on July 27th.

3. The judge's questions were comprehensive and the answers were under oath. *Specific* questions were directed at the issue of a coerced plea. No question was raised in that hearing as to a coerced confession. (*See* transcript, p. 17) The plea bargain was clear and on the record.

4. Petitioner admitted at this hearing that he was not telling the truth when he told Judge Goad under oath on July 27th that this plea of guilty was free from any coercion or pressure. This affects his credibility in this hearing before me.

For reasons stated, the petition is dismissed.