Richmond.

GRANGER v. THE COMMONWEALTH.

Absent, *Richardson*, J.

November 15th, 1883.

CRIMINAL PRACTICE—*Plea of guilty—Evidence in mitigation—Hearsay.*— Although part of testimony introduced by prisoner in mitigation of sentence, after pleading guilty, may be hearsay, yet the refusal of the court on his motion to instruct the jury that said testimony is not to be regarded by them in considering the case, is no ground for reversing the judgment under the circumstances.

Error to judgment of hustings court of city of Richmond, sentencing plaintiff in error, James M. Granger, to confinement in jail for the period of nine months, and to pay a fine of three hundred and seventy-five dollars, on an indictment for publishing a malicious libel against one William J. Holmes and Laura, his wife. Opinion states the case.

*Edgar Allen,* for plaintiff in error.

*Attorney-General F. S. Blair*, for the Commonwealth.

HINTON, J., delivered the opinion of the court.

On the trial, the accused, after he had pleaded guilty to the indictment, introduced a witness, one Wm. B. Whitt, who testified " that having heard it rumored all through the market that the prisoner intended publishing the card

about Holmes and wife, and meeting prisoner on Main street with the bundle of handbills under his arm, he asked the prisoner to give him one copy; that prisoner declined to give him a copy, saying that he wished to consult his brother before circulating them, but said, that if he, the witness, would step into a saloon near by, he would read it to him." Whereupon, as appears from the record, *after the argument of the counsel had closed*, and the jury had started to retire, the counsel for the accused requested the court to instruct the jury : " That, in considering the testimony in this case, they must regard the statement of the witness, Wm. B. Whitt, as to the rumors of the publication of the libel, as hearsay testimony only, and as such it can not be taken into consideration in this case."

This instruction, however, the court refused to give. And the action of the court in this respect is the ground upon which a reversal of the judgment of the court below is asked here.   The objection is unsubstantial and cannot prevail.   Assuming that the statement of the witness, Whitt, was as set out in the certificate of facts—that is, " that it was rumored that the prisoner *intended* publishing the card about Holmes and wife," &c., which is the only case in which these rumors could be regarded as hearsay—Phillip's Ev. § 577; 1 Greenl. Ev. § 101—still the refusal of the court to give the instruction directing the jury to exclude it from their consideration at the time that request was made, cannot be regarded as a sufficient ground for reversing the judgment of that court.   For, without taking into consideration the circumstance that the testimony thus sought to be excluded was introduced by the accused, and assuming for the purposes of the case that the testimony was hearsay, and not admissible as evidence, it could not possibly have prejudiced the prisoner.   He had already pleaded guilty to the charge whereof he stood indicted, and had thereby subjected himself to the full legal penalty

for that offence; the mere statement, therefore, that it was rumored that he *intended to do* what he had previously admitted by his plea *he had done,* could not in any wise tend to aggravate the offence. *Thornton's Case,* 24 Gratt. 658. The theory of the prisoner's counsel seems to have been that the testimony of this witness tended to extenuate the conduct of the prisoner, by showing a purpose on his part to suppress the libel after its publication. In this, however, he is mistaken, for whilst the witness does say that the prisoner declined to give a copy of the libel, he also testifies that the prisoner added, "that he wished to consult his brother *before circulating it,*" and offered to do what would clearly have been a publication of it—namely, "*to read it to him,*" if he would step into a saloon then close at hand. *Adams* v. *Lawson,* 17 Gratt. 257.

There is no error in the judgment of the hustings court of the city of Richmond, and the same must be affirmed.

LACY, J., dissented.

JUDGMENT AFFIRMED.