# Staunton.

## COOPER v. TOWN OF APPALACHIA.

September 23, 1926.

1. CRIMINAL LAW—*Appeal and Error—Appeal where Judgment Rendered on a Plea of Guilty.*—Ordinarily an appeal will not lie from a judgment of conviction in a criminal case rendered upon a confession of guilt. But before receiving a plea of guilty the court should see that it is made by a person of competent intelligence, freely and voluntarily, and with a full understanding of its nature and effect, and of the facts on which it is founded.

2. CRIMINAL LAW—*Jury—Right to Jury Trial—Punishment.*—At common law the jury only passed on the guilt or innocence of the accused, and the court fixed the punishment, and this is the kind of jury trial which is preserved by the Constitution.

3. SENTENCE AND PUNISHMENT—*Power of Judge to Fix Penalty.*—The power of the legislature to impose upon judges the duty to inflict penalties, within the limitations prescribed by statute, after the finding of a verdict of guilty by a jury, cannot be doubted. But in Virginia the legislature has not done so. On the contrary, section 4784 of the Code of 1919 gives to the accused the right to have a jury not only to pass on his guilt or innocence, but also on the measure of his punishment.

4. CRIMINAL LAW—*Intoxicating Liquor—Plea of Guilty—Waiver of Jury Trial Under Section 35 of the Prohibition Statute (Acts of 1924, Chapter 407, Page 593)—Case at Bar.*—In the instant case accused was convicted of a violation of a prohibition ordinance upon his plea of guilty. Accused applied for an appeal under section 35 of the prohibition statute (Acts of 1924, ch. 407, page 593) which was refused him.

   *Held:* That by his plea of guilty accused waived his constitutional right (Const. of 1902, sec. 8) to have the jury pass upon his guilt or innocence and his statutory right (Code of 1919, sec. 4784) to have the degree of his punishment ascertained by a jury; and that an appeal to the circuit court under Acts of 1924, p. 593, did not lie.

Error to a judgment of the Circuit Court of Wise county.

*Affirmed.*

The opinion states the case.

*W. W. G. Dotson,* for the plaintiff in error.

*Morton & Parker,* for the defendant in error.

Burks, J., delivered the opinion of the court.

The town of Appalachia adopted the State prohibition law as far as applicable, as an ordinance of the town. Thereafter the plaintiff in error was arrested on a warrant issued by the mayor of said town, charging that the defendant "did unlawfully keep, store, sell and expose for sale ardent spirits in violation of the ordinance of said town." The warrant was read to the defendant, and he "replied that he did not want any trial; that he was guilty and desired and  *  *  did enter a plea of guilty to the warrant with the charge aforesaid." Thereupon the mayor sentenced him to "six months in jail to work on the county road force" and to pay a fine of five hundred dollars and the costs. Three days thereafter the defendant applied to the said mayor for an appeal to the Circuit Court of Wise county, but he refused to grant it. Three days thereafter he applied to the judge of the Circuit Court of Wise county for a writ of mandamus to compel the said mayor to grant him an appeal, but the judge refused to award said writ.

There are four assignments of error, none of which assails the validity of the statute or the power of the trial court, but we need only consider whether the petitioner was entitled to an appeal.

Section 35 of the prohibition statute (Acts 1924, ch. 407, p. 593) grants the right to an appeal in the following language: * * "mayors, police justices and others having jurisdiction for the trial of cases for the violation

of the ordinances of the cities and towns shall have jurisdiction to try cases arising under ordinances passed by their respective cities and towns as hereinafter provided, with the right of appeal to the defendant to the court having jurisdiction to try such appeal."

But it is said that the accused is not entitled to an appeal because he pleaded guilty before the mayor, and such is the holding of some of the courts.

[1] In *Nicely* v. *Butcher,* 81 W. Va. 247, 94 S. E. 147, it is said: "Does an appeal lie to the judgment complained of? It purports to be rendered upon a plea of guilty, and ordinarily an appeal will not lie from a judgment of conviction in a criminal case rendered upon a confession of guilt. 3 C. J. 603; 2 R. C. L. 60. But before receiving a plea of guilty, the court should see that it is made by a person of competent intelligence, freely and voluntarily, and with a full understanding of its nature and effect, and of the facts on which it is founded. 2 R. C. L. 60; *Lowe* v. *State,* 111 Md. 1, 73 Atl. 637, 24 L. R. A. (N. S.) 439, 18 Ann. Cas. 744. It cannot be contended that these requirements were met in this instance, wherefore, we do not think the right of appeal should be denied upon that ground."

In 12 Cyc. 333, it is said: "Whether an appeal will lie from a judgment of conviction in a justice's court where the defendant pleads guilty depends upon the wording of the particular statute. Under the statutes from some jurisdictions an appeal will lie, in such cases, and in others it will not."

In *Bracy* v. *Commonwealth,* 119 Va. 867, 89 S. E. 144, there was involved the constitutionality of a statute which permitted the trial judge, in his discretion, to add a jail sentence to the fine imposed by the jury, and it was held that the statute did not violate the constitutional provision for a jury trial.

[2–4] At common law the jury only passed on the guilt or innocence of the accused, and the court fixed the punishment, and this is the kind of jury trial which is preserved by the Constitution. We do not doubt the power of the legislature now to impose upon judges the duty to inflict penalties, within the limits prescribed by statute, after the finding of a verdict of guilty by a jury. *Bracy* v. *Commonwealth, supra.* But it has not done so. On the contrary, section 4784 of the Code gives to the accused the right to have a jury not only to pass on his guilt or innocence, but also on the measure of his punishment. We are unable to see, however, why the waiver of one right is not as complete as that of the other. The only object of the appeal is to obtain a jury trial, which was waived by the plea of guilty. If an appeal were granted, there could be no trial without a jury, under section 8 of the Constitution, except with the consent of the accused entered of record, and he could thus defeat the judgment of conviction by the assertion of a right which he had solemnly waived. Such a result ought not to be permitted. The accused was caught "red-handed" violating the ordinance, and with full consciousness of his guilt and of the evidence against him, he freely and voluntarily entered a plea of guilty and thereby waived his constitutional right to have a jury pass on his guilt or innocence and his statutory right to have the degree of his punishment ascertained by a jury. All of the conditions pointed out in *Nicely* v. *Butcher, supra,* were fulfilled in the instant case, and the plea of guilty in the trial court barred the appeal.

The trial court committed no error in refusing the writ of mandamus.

*Affirmed.*