## Staunton·

C. C. PEYTON, SUPERINTENDENT OF THE VIRGINIA STATE PENITENTIARY V. BILLY WAYNE KING.

September 5, 1969.

Record No. 7065.

Present, All the Justices.

*Gerald L. Baliles, Assistant Attorney General (Robert Y. Button, Attorney General,* on brief), for plaintiff in error.

*Dean MacD. Greiner,* for defendant in error.

CARRICO, J., delivered the opinion of the court.

The important question for decision in this case is whether an accused who is convicted upon a plea of guilty is entitled to appeal his conviction to this court.

The question arose when Billy Wayne King, the petitioner, filed in the court below a petition for a writ of habeas corpus against C. C. Peyton, Superintendent of the Virginia State Penitentiary, the re-

spondent. The petition alleged that on September 12, 1967, the petitioner was convicted in the lower court of attempted rape and was sentenced to a term of three years in the penitentiary. It was further alleged that the petitioner had been denied the right to appeal his conviction.

The trial court[1] held a plenary hearing on the habeas corpus petition and ruled that the petitioner had been denied the right to appeal his conviction. The writ of habeas corpus was awarded, and we granted the respondent a writ of error to review the action of the trial court.

The record of the petitioner's criminal proceeding and the evidence at the habeas corpus hearing show that the petitioner, represented by assigned counsel, entered a plea of guilty to an indictment charging him with the attempted rape of a fourteen-year-old girl and that his conviction was based upon such plea. Before accepting the plea, the trial judge conducted an extensive examination of the petitioner concerning the voluntariness of the plea and the petitioner's understanding of the nature and effect thereof. No objection or complaint was made when the conviction was entered or when sentence was imposed.

Following his commitment to the penitentiary, the petitioner requested a copy of his trial transcript and notified the trial court that he wanted to appeal his conviction. The former judge of the court entered an order denying "application for such transcript" and stating that the petitioner was "not entitled to the relief prayed for." The habeas corpus petition was thereafter filed.

The petitioner concedes, refreshingly, that "the decision was his alone as to the plea of guilty." He does not question the trial court's finding, which is fully sustained by the evidence, that the plea was voluntarily and intelligently entered. He claims no defect in the criminal court's jurisdiction, and he makes no complaint about the validity of his sentence. He rests his case upon the bald proposition that he was entitled to appeal his conviction notwithstanding his plea of guilty.

The Attorney General concedes that a plea of guilty does not foreclose an appeal where, unlike the present case, there is involved a question of jurisdiction or a claim that a sentence exceeds that authorized by law. In all other cases, however, the Attorney General contends, an appeal will not lie from a conviction in a court of record where the defendant enters a voluntary and intelligent plea of guilty.

---

[1]The hearing on the petition for habeas corpus was held by Judge Robert B. Davis, the present judge of the trial court. The criminal proceeding was conducted by Judge Joseph L. Cantwell, Jr., since retired.

We agree with the Attorney General. His position finds support in the earlier opinions of this court.

In *Cooper* v. *Town of Appalachia,* 145 Va. 861, 134 S.E. 591 (1926), the accused entered a plea of guilty to a misdemeanor before a mayor and then sought to appeal his conviction to the circuit court. We held that the appeal was barred by the guilty plea. We stated that "ordinarily an appeal will not lie from a judgment of conviction in a criminal case rendered upon a confession of guilt." 145 Va., at 863, 134 S.E., at 592.

In *Dickerson, Etc.* v. *Commonwealth,* 162 Va. 787, 173 S.E. 543 (1934), we overruled the holding in the *Cooper* case and ruled instead that a plea of guilty in a court not of record did not bar an appeal to a court of record. We said this was because of the language of the statute making such an appeal a matter of right and providing that the trial in the court of record should be de novo. However, and of importance here, we recognized the "rule applied in *Cooper* v. *Appalachia* [as] the rule that is applied generally in criminal cases where an appeal from or writ of error to a judgment of a court of record is provided for." 162 Va., at 795, 173 S.E., at 547.

That general rule applies to appeals to this court in criminal cases, and its logic becomes apparent when the nature and effect of a plea of guilty are considered. In *Crutchfield* v. *Commonwealth,* 187 Va. 291, 46 S.E. 2d 340 (1948), we said:

> "A plea of guilty, accepted and entered by the court, is a conviction or the equivalent of a conviction of the offense to which it is directed, the effect of which is to authorize the imposition of the punishment prescribed by law on a verdict of guilty of the offense admitted. . . . It waives all defenses other than that no offense is charged." 187 Va., at 296, 46 S.E. 2d at 342.

See also *Arey* v. *Peyton,* 209 Va. 370, 375-376, 164 S.E. 2d 691, 695 (1968); *Hobson* v. *Youell,* 177 Va. 906, 912, 15 S.E. 2d 76, 78 (1941); *Granger* v. *Commonwealth,* 78 Va. 212, 213-214 (1883).

Thus, a voluntary and intelligent plea of guilty by an accused is, in reality, a self-supplied conviction authorizing imposition of the punishment fixed by law. It is a waiver of all defenses other than those jurisdictional, effective as such not only in the lower court but as well in this court. Where a conviction is rendered upon such a plea and the punishment fixed by law is in fact imposed in a proceeding free of

jurisdictional defect, there is nothing to appeal. To take any other view would give recognition to an empty right and permit frivolous appeals for the mere sake of delay.

But, says the petitioner, Code § 19.1-282[2] provides that a "writ of error shall lie in a criminal case" and "shall lie in any such case for the accused." The petitioner then argues that by use of the language "any such case," the legislature intended the right of appeal to include every criminal case whether or not the conviction is rendered upon a plea of guilty.

We do not, however, so interpret the statute. The appellate jurisdiction of this court is provided by Section 88[3] of the Constitution. With respect to such jurisdiction, however, Section 88 is not self-executing but merely bestows upon this court the capacity to receive appellate jurisdiction. The jurisdiction is received when conferred by the legislature. *Rudacille v. State Commission*, 155 Va. 808, 817, 156 S.E. 829, 832 (1931).

Code § 19.1-282 is executory of Section 88 and confers upon this court the appellate jurisdiction in criminal cases called for by the Constitution. That is all the Code section pretends to do. The provision that a writ of error shall lie in any criminal case for the accused grants only the right to seek to invoke such appellate jurisdiction and does not mean that the jurisdiction may be invoked in every case. Nor, when the nature and effect of a plea of guilty are considered, does it

---

[2] "§ 19.1-282. *When writ of error lies in criminal case for accused; when for Commonwealth; when for city or town.*—A writ of error shall lie in a criminal case to the judgment of a circuit court or the judge thereof, or of a corporation court, or of a hustings court, from the Supreme Court of Appeals. It shall lie in any such case for the accused and if the case be for the violation of any law relating to the State revenue it shall lie also for the Commonwealth. And a writ of error shall also lie for any city or town from the Supreme Court of Appeals to the judgment of any circuit, corporation or hustings court declaring any ordinance of such city or town to be unconstitutional or otherwise invalid, except when the violation of any such ordinance is made a misdemeanor by State statute."

[3] "§ 88. *Supreme Court of Appeals; composition and jurisdiction. — . . . .*

\* \* \*

"Subject to such reasonable rules as may be prescribed by law as to the course of appeals, the limitation as to the time, the value, amount or subject matter involved, the security required, if any, the granting or refusing of appeals, and the procedure therein, it shall, by virtue of this Constitution, have appellate jurisdiction in cases involving the constitutionality of a law as being repugnant to the Constitution of this State or of the United States, or involving the life or liberty of any person; and in such other cases as may be prescribed by law. No appeal shall be allowed to the Commonwealth in a case involving the life or liberty of a person, except that an appeal by the Commonwealth may be allowed in any case involving the violation of a law relating to the State revenue."

mean that an accused who enters a plea of guilty does not waive his right to seek to invoke such jurisdiction.

We note that the United States District Court for the Western District of Virginia has ruled that under Code § 19.1-282, a right does exist in Virginia to appeal a conviction based upon a plea of guilty. *Bryant* v. *Peyton*, 270 F. Supp. 353 (1967). We also note, however, that the same court, with another judge presiding, later reached the opposite result. *Morgan* v. *Peyton*, 281 F. Supp. 522 (1968); *Cline* v. *Peyton*, 280 F. Supp. 295 (1968).

We now hold that the petitioner was not entitled to appeal his conviction. He was sentenced in proceedings devoid of jurisdictional questions to a term within the range fixed by law pursuant to a judgment of conviction based upon a plea of guilty voluntarily and intelligently entered. It was error, therefore, for the trial court to award the petitioner a writ of habeas corpus.

The judgment of the trial court will be reversed and the petition dismissed.

*Reversed and dismissed.*