**Richard Levi ROBERTS, Petitioner,**

v.

**J. D. COX, Superintendent, Virginia State Penitentiary, Respondent.**

**Civ. A. No. 69–C–90–A.**

United States District Court,
W. D. Virginia,
Abingdon Division.

Aug. 17, 1970.

William P. Robinson, Jr., Asst. Atty. Gen., Richmond, Va., for respondent.

OPINION and JUDGMENT

DALTON, Chief Judge.

This case comes before the court on a petition for a writ of habeas corpus filed *in forma pauperis* by Richard Levi Roberts, a state prisoner, pursuant to 28

U.S.C. § 2241. The petition was filed with this court on September 2, 1969. By order dated September 2, 1969, the petition was dismissed for failure to exhaust state remedies. On June 5, 1970, by Memorandum Decision No. 14,020 the United States Court of Appeals for the Fourth Circuit remanded the petition upon a finding that petitioner "should not be required to seek further relief in the state courts."

Petitioner was convicted of larceny by the Circuit Court of Tazewell County on June 3, 1965. Upon a plea of guilty he was sentenced to three years imprisonment, but imposition was suspended. On September 8, 1967, the suspension was revoked.

First, petitioner alleges that he was denied effective assistance of counsel because counsel failed to prepare a defense. To support this contention petitioner has filed affidavits of persons who state that two brothers admitted to them the commission of the crime for which petitioner was convicted. Apparently it is petitioner's contention that adequate investigation by his counsel would have turned up these witnesses. Accepting these affidavits as true, the court cannot find that petitioner's counsel did not adequately prepare for trial.

■ The usual method of investigation for an attorney is to follow leads supplied by his client and to investigate the circumstances surrounding the crime and the people involved. Petitioner testified at his trial that he did not know of any witnesses in his own behalf. Also, these affidavits were made by people who were completely outside the sphere of the facts surrounding the crime. Even the most thorough investigation might not have turned up this evidence. The fact that the extensive investigative facilities of the police did not discover these witnesses is further proof that petitioner's counsel was not lax in his duty to investigate. It was incumbent, therefore, on these witnesses, if they had relevant information about the case, to report before trial what they had heard to the proper authorities.

■ Next, petitioner alleges that his plea of guilty was involuntary due to counsel's advice, his own ignorance, and the fact that he was promised probation. Counsel's advice to plead guilty does not make the plea involuntary unless that advice is shown to be incompetently given. See Parker v. North Carolina, 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785 (1970); McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970). This petitioner has not alleged or shown anything which indicates counsel's advice was incompetent.

■ The trial transcript demonstrates that petitioner was not ignorant of the consequences of his decision to plead guilty. The trial judge, before accepting the plea of guilty, satisfied himself that the plea of guilty was voluntarily and intelligently entered with understanding of the nature of the charge and the consequences of the plea. The record clearly shows that petitioner was informed of his rights and averred understanding of the same before the plea of guilty was accepted.

■ The fact that petitioner bargained for probation on his guilty plea does not make the plea involuntary because petitioner was in fact placed on probation.

■■ Finally petitioner alleges that he was not advised of his right to appeal. Under Virginia law a defendant who pleads guilty has the right only to appeal jurisdictional defects or because sentence exceeded that authorized by law. Peyton v. King, 210 Va. 194, 169 S.E.2d 569 (1969). This court will not order a belated appeal unless on independent investigation it finds that the sentence imposed exceeded that authorized by law or a scintilla of evidence indicating a possible jurisdictional defect. St. Clair v. Cox, 312 F.Supp. 168 (W.D.Va., March 18, 1970). The court cannot find either in this case.

For the foregoing reasons, it is adjudged and ordered that the petition for a writ of habeas corpus be dismissed and the relief denied.

If the petitioner wishes to appeal this judgment or any part thereof, he may do so by filing with the clerk of *this* court a notice of appeal. Failure to file the notice of appeal within 30 days may result in a denial of the right to appeal. The notice shall state the following:

1. The party or parties taking the appeal;
2. The judgment, order or part thereof appealed from; and
3. The court (United States Court of Appeals for the Fourth Circuit) to which the appeal is taken.