Lemuel **JOHNSON**, Petitioner,

v.

**K. R. PURVIS**, Superintendent, Southampton Farm, Respondent.

Civ. A. No. 70–C–41–D.

United States District Court, W. D. Virginia, Danville Division.

Aug. 19, 1970.

Gary Bengston, Danville, Va., for petitioner.

Vann H. Lefcoe, Asst.Atty.Gen., Richmond, Va., for respondent.

## OPINION and JUDGMENT

DALTON, Chief Judge.

This case comes before the court on a petition for a writ of habeas corpus filed *in forma pauperis* on June 15, 1970. The respondent has made an answer and has had the state court records submitted to this court for consideration.

Petitioner was tried and convicted on November 19, 1968, in the Corporation Court of Danville on two charges of armed robbery. Sentences of ten and fifteen years were imposed by the court sitting without a jury. The court appointed two attorneys to defend the petitioner during trial at which he entered pleas of guilty to both charges.

■ The petition seeks to attack the validity of the two convictions on the ground that they were obtained by the following unconstitutional means: (1) that the petitioner was placed in an illegal lineup without the presence of counsel; (2) that the petitioner was arrested and searched without an arrest or search warrant; and (3) that the petitioner was denied the effective assistance of counsel during the trial. These claims have been presented to the Corporation Court of Danville in a petition for a writ of habeas corpus which was denied without a hearing by order dated April 3, 1969. The Supreme Court of Appeals of Virginia denied a writ of error to this judgment of January 19, 1970. Therefore petitioner has exhausted his state remedies. 28 U.S.C. § 2254.

The allegations of illegal lineup and illegal arrest and search are without merit.

■ The petitioner entered voluntary pleas of guilty to both charges. A voluntary and understanding plea of guilty "is itself a conviction; nothing remains but to give judgment and determine punishment." Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Such a plea is a waiver of all nonjurisdictional defects. Vanater v. Boles, 377 F.2d 898 (4th Cir. 1967); Payton v. King, 210 Va. 194, 169 S.E.2d 569 (1969). The petitioner has alleged no jurisdictional defects and, after a careful examination of the record, this court has found none.

■ Petitioner's final allegations of ineffective assistance of counsel are so vague and in several places incoherent that no real issues are framed for con-

sideration in a hearing. For example, it is alleged:

> Petitioner contends that he received ineffective assistance of counsel through-out (sic) the proceedings against him, and that his plead (sic) of guilty were (sic) in-fact (sic) involuntarily made.

It is not clear on what grounds petitioner feels that his pleas were involuntary. The petitioner has submitted a memorandum devoting five pages to rambling allegations and broad statements of law concerning ineffective representation by counsel. The statements are so unclear that it would be difficult for respondent to prepare to meet them in a hearing. The trial transcript has been read and it appears that petitioner was fully and ably represented by two competent attorneys. The trial judge questioned the petitioner extensively as to his understanding of the charges, the voluntariness of the pleas, and his satisfaction with the attorneys appointed to defend him. In addition the case against the petitioner was overwhelming.

The court is not willing to grant a hearing when the allegations are so vague that precise issues are not framed and where the petitioner leaves himself so much room that the restraint of a possible prejury prosecution is minimal. The petitioner must make definite allegations which, if proved, would entitle him to relief.

For the foregoing reasons, the petition for a writ of habeas corpus is dismissed and the relief is denied.

If the petitioner wishes to appeal this judgment or any part thereof, he may do so by filing with the clerk of *this* court a notice of appeal. Failure to file the notice of appeal within 30 days may result in a denial of the right to appeal. The notice shall state the following:

1. The party or parties taking the appeal;

2. The judgment, order or part thereof appealed from; and

3. The court (United States Court of Appeals for the Fourth Circuit) to which the appeal is taken.

The clerk is directed to send a certified copy of this opinion and judgment to the petitioner and to the respondent.