## Richmond

JAMES K. MARTIN v. C. C. PEYTON, SUPERINTENDENT OF THE VIRGINIA STATE PENITENTIARY, ETC.

October 11, 1971.

Record No. 7216.

Present, All the Justices.

*James W. Renney*, on brief, for plaintiff in error.

*Andrew P. Miller, Attorney General; C. Tabor Cronk, Assistant Attorney General*, on brief, for defendant in error.

Case submitted on briefs.

Per Curiam.

On September 30, 1966, James K. Martin, the petitioner, filed a petition for writ of habeas corpus attacking his 1952 conviction of robbery. The petition alleged that the conviction was void because the petitioner was coerced into confessing to the crime and because he was denied effective assistance of counsel at his trial. The trial court, after a plenary hearing, refused to issue the writ and dismissed the petition.

The petition showed on its face that the petitioner's conviction was based upon a plea of guilty entered "after consultation with [appointed] counsel." Thus, the sufficiency of the allegations of the petition is to be tested by what this court held in *Peyton* v. *King*, 210 Va. 194, 169 S.E.2d 569 (1969), and what the Supreme Court

of the United States held in *McMann* v. *Richardson*, 397 U.S. 759 (1970), both cases decided subsequent to the habeas corpus hearing conducted in this case by the trial court.

In *Peyton* v. *King*, we said that a voluntary and intelligent plea of guilty is, in reality, a self-supplied conviction authorizing imposition of the punishment fixed by law. We said further that such a plea is a waiver of all defenses other than those jurisdictional. 210 Va. at 196, 169 S.E.2d at 571.

In *McMann* v. *Richardson*, the Supreme Court held that "a defendant who alleges that he pleaded guilty because of a prior coerced confession is not, without more, entitled to a hearing on his petition for habeas corpus." 397 U.S. at 771. The "more" required by the foregoing language is an allegation that the prisoner was "so incompetently advised by his counsel" concerning his guilty plea that the plea is rendered an unintelligent act. 397 U.S. at 768-69.

The petition filed in this case did not allege that the petitioner's plea of guilty was involuntarily or unintelligently entered. It did not allege that the supposedly coerced confession induced the guilty plea. And it did not allege that the advice of counsel to plead guilty was so incompetent that the plea was rendered an unintelligent act.

Hence, under the holdings in *Peyton* v. *King* and *McMann* v. *Richardson*, the petitioner was not even entitled to a hearing on the allegations of his petition. So it could not have been error to dismiss the petition after a hearing.

*Affirmed.*