BENTON, Judge,
with whom ELDER, Judge, joins, dissenting.
James L. Terry contends his Sixth Amendment right to counsel was violated when at the sentencing hearing following his guilty plea the trial judge admitted evidence obtained during a pretrial confrontation between Terry and state agents without notice to Terry’s counsel. See Maine v. Moulton, 474 U.S. 159, 168-69, 106 S.Ct. 477, 88 L.Ed.2d 481 (1985). See also Satterwhite v. Texas, 486 U.S. 249, 255-56, 108 S.Ct. 1792, 100 L.Ed.2d 284 (1988) (holding “that the use of ... testimony [, which concerned statements obtained from the arrested defendant without notice to his attorney,] at the ... sentencing proceeding ... violated the Sixth Amendment”). I would hold that when Terry pled guilty, he did not waive his right to challenge this violation of his constitutional rights when the Commonwealth sought to introduce the evidence at the sentencing hearing.
I.
The Constitution provides that “[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defense.” U.S. Const. Amend. VI.
The right to the assistance of counsel guaranteed by the Sixth and Fourteenth Amendments is indispensable to the fair administration of our adversarial system of criminal justice. Embodying a “realistic recognition of the obvious truth that the average defendant does not have the professional legal skill to protect himself,” the right to counsel safeguards the other rights deemed essential for the fair prosecution of a criminal proceeding.
*202 Moulton, 474 U.S. at 168-69, 106 S.Ct. 477 (citation and footnote omitted). The principle is well established that “[t]he Sixth Amendment guarantees the accused, at least after the initiation of formal charges, the right to rely on counsel as a ‘medium’ between him [or her] and the [Commonwealth].” Id. at 176, 106 S.Ct. 477. Thus, the Commonwealth violates an accused’s Sixth Amendment rights “when the [Commonwealth] obtains incriminating statements by knowingly circumventing the [accused’s] right to have counsel present in a confrontation between the accused and [the Commonwealth’s] agent.” Id. (footnote omitted).
Evidence obtained in violation of an accused’s Sixth Amendment right to counsel is inadmissible in a sentencing proceeding for a charge to which the right to counsel has attached. See Powell v. Texas, 492 U.S. 680, 686, 109 S.Ct. 3146, 106 L.Ed.2d 551 (1989); Satterwhite, 486 U.S. at 255-56, 108 S.Ct. 1792. In Powell and Satterwhite, defense counsel had not been given notice that a psychiatric evaluation of the accused would encompass the issue of future dangerousness. Nonetheless, the trial judge admitted the psychiatrist’s testimony at the sentencing proceeding over defense counsel’s objection. The Supreme Court held that “[b]ecause the evidence of future dangerousness was taken in deprivation of [the accused’s] right to the assistance of counsel,” the admission of the evidence at the sentencing proceeding violated the accused’s Sixth Amendment right to counsel. Powell, 492 U.S. at 686, 109 S.Ct. 3146. See also Satterwhite, 486 U.S. at 255-56, 108 S.Ct. 1792 (holding “that the use of [the psychiatrist’s] testimony at the ... sentencing proceeding ... violated the Sixth Amendment”). With respect to claims of violations of constitutional rights, the United States Supreme Court has rejected as invalid the proposition that “incrimination is complete once guilt has been adjudicated.” Estelle v. Smith, 451 U.S. 454, 462, 101 S.Ct. 1866, 68 L.Ed.2d 359 (1981).
In this case, the social worker and the police officers initiated contact with Terry at the jail following Terry’s arrest *203 for felony carnal knowledge of a child without force, see Code § 18.2-63, and questioned him about his contacts with the child. At the time of this interview, Terry’s Sixth Amendment right to counsel had attached and had been invoked with respect to the pending charge of felony carnal knowledge. This interview took place outside the presence of Terry’s counsel, without counsel’s knowledge or consent. Therefore, any evidence obtained at the interview that would in any way incriminate Terry on the charge of felony carnal knowledge, for which he had invoked his right to counsel, could not be used in a proceeding against him concerning that charge.
When Terry filed his motion to suppress, the Commonwealth had obtained four indictments against him on charges different than the charge lodged against him when the social worker and the police interviewed him. The statements Terry gave to the social worker and the police officers provided the basis for the Commonwealth’s decision to pursue the other four different charges. The Commonwealth’s decision to pursue those charges clearly provoked Terry’s suppression motion. Thus, when the Commonwealth nolle prossed those charges and amended one of the indictments to charge felony carnal knowledge without force, which was the offense originally charged, Terry had no reason to pursue the motion to suppress. The charges which rested upon the unlawfully obtained statement had been dissolved. Indeed, the Commonwealth conceded on its initial brief to this Court that the prosecutor “stated that he chose not to go forward after reviewing the suppression motion and considering that the victim did not corroborate [Terry’s] confession.” (Emphasis added).
When the Commonwealth dropped those four charges, in part because of Terry’s suppression motion, and re-instituted the felony carnal knowledge charge, Terry understandably was led to believe that the statements would no longer be an issue. Thus, Terry, when pleading guilty to the felony carnal knowledge charge, did not knowingly and intelligently waive *204 his right to contest the admissibility of those statements. He could not knowingly and intelligently waive a matter not reasonably foreseeable to be an issue at sentencing. “Given the gravity of the decision to be made at the penalty phase, the [Commonwealth] is not relieved of the obligation to observe fundamental constitutional guarantees.” Estelle, 451 U.S. at 463, 101 S.Ct. 1866. “Because the evidence ... was taken in deprivation of [Terry’s] right to the assistance of counsel,” Powell, 492 U.S. at 686, 109 S.Ct. 3146, I would hold that the admission of the evidence at the sentencing proceeding violated the Sixth Amendment.
II.
Relying upon Peyton v. King, 210 Va. 194, 169 S.E.2d 569 (1969), the Commonwealth contends Terry waived his right to appeal his sentence by pleading guilty to the charge. In King, the Supreme Court responded as follows to the assertion that an accused could appeal his conviction after a guilty plea:
[A] voluntary and intelligent plea of guilty by an accused is, in reality, a self-supplied conviction authorizing imposition of the punishment fixed by law. It is a waiver of all defenses other than those jurisdictional, effective as such not only in the lower court but as well in this court. Where a conviction is rendered upon such a plea and the punishment fixed by law is in fact imposed in a proceeding free of jurisdictional defect, there is nothing to appeal. To take any other view would give recognition to an empty right and permit frivolous appeals for the mere sake of delay.
Id. at 196-97, 169 S.E.2d at 571.
That ruling is not dispositive of the issue raised in this appeal. While an accused who pleads guilty “ ‘may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea,’ ” Beaver v. Commonwealth, 232 Va. 521, 526-27, 352 S.E.2d 342, 345 (1987) (quoting Tollett v. Henderson, 411 *205 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973)) (emphasis added), it does not follow that an accused who pleads guilty waives his or her right to challenge violations of constitutional rights that occur at a sentencing hearing after the accused has entered the guilty plea. By pleading guilty, an accused does not prospectively waive the right to object to violations of constitutional rights that occur at the sentencing hearing. See United States v. Jacobson, 15 F.3d 19, 23 (2d Cir.1994). Indeed, the United States Supreme Court recently rejected the government’s argument “that [a defendant’s] guilty plea was a waiver of the [Fifth Amendment] privilege against compelled self-incrimination with respect to all crimes comprehended in the plea,” and the Court “rule[d] that [the accused] retained the privilege at [the] sentencing hearing.” Mitchell v. United States, 526 U.S. 314,-, 119 S.Ct. 1307, 1311, 143 L.Ed.2d 424 (1999).
The principle is well established that “a plea [of guilty] marks the end of one chapter in the progress of [an accused’s] case, and, simultaneously, begins a new chapter. Thus, an unconditional guilty plea insulates virtually all earlier rulings in the case from appellate review.” United States v. Cordero, 42 F.3d 697, 698 (1st Cir.1994). However, an accused’s “unconditional guilty plea does not automatically waive the right to appeal matters incident to sentencing as opposed to guilt.” Id. at 699. See also State v. Heatwole, 333 N.C. 156, 423 S.E.2d 735, 737 (1992). An accused “who waives his right to appeal does not subject himself to being sentenced entirely at the whim of the [trial judge].” United States v. Marin, 961 F.2d 493, 496 (4th Cir.1992). The general waiver of appeal rights flowing from a plea of guilty does not bar the right to appeal violations of a Sixth Amendment right to counsel that occur at a sentencing hearing. See United States v. Attar, 38 F.3d 727, 732-33 (4th Cir.1994).
*206 Applying the principle that a trial judge is required to reject a guilty plea if it is not “intelligently, voluntarily and knowingly made,” Graham v. Commonwealth, 11 Va.App. 133, 139, 397 S.E.2d 270, 273-74 (1990), I believe it is equally obvious that an accused cannot knowingly, intelligently, and voluntarily waive a right when it is not clear what rights will be implicated. See United States v. Melancon, 972 F.2d 566, 571 (5th Cir.1992) (Parker, J., concurring) (stating that an accused “can never knowingly and intelligently waive, as part of a plea agreement, the right to appeal a sentence that has yet to be imposed at the time he or she enters into the plea agreement; such a “waiver’ is inherently uninformed and unintelligent”); United States v. Schmidt, 47 F.3d 188, 190 (7th Cir.1995) (holding that “despite a valid waiver of the right to appeal, [an accused] could appeal his sentence if the trial [judge] relied on a constitutionally impermissible factor”); United States v. Raynor, 989 F.Supp. 43, 49 (D.C.1997) (ruling that an accused “cannot knowingly, intelligently and voluntarily give up the right to appeal a sentence that has not yet been imposed and about which the [accused] has no knowledge as to what will occur at the time of sentencing”).
In Virginia, both the Supreme Court and this Court have considered the appeals of sentences of accuseds who have pleaded guilty to the underlying offenses. See e.g., Linton v. Commonwealth, 192 Va. 437, 65 S.E.2d 534 (1951) (although the accused pleaded guilty to perjury, the Supreme Court considered on appeal whether the right to counsel was violated when the accused was sentenced without notice to her counsel and without affording counsel the opportunity to cross-examine a probation officer who completed the presentence report or to present additional facts bearing on sentencing); Harris v. Commonwealth, 26 Va.App. 794, 497 S.E.2d 165 (1998) (although the accused pleaded guilty to a charge of possession with intent to distribute, this Court considered the argument that the trial judge violated the accused’s due process rights by admitting certain evidence at sentencing hearing). See also Nichols v. United States, 511 U.S. 738, 114 S.Ct. 1921, 128 L.Ed.2d 745 (1994) (although the accused pleaded guilty to *207 federal felony drug charges, the Supreme Court considered the accused’s claim that his right to counsel had been violated by trial judge’s consideration of certain evidence at sentencing).
Because I believe the trial judge violated Terry’s Sixth Amendment right to counsel when at the sentencing hearing he admitted the social worker’s testimony, I would hold that this appeal is not barred. I dissent.