**Ronald Lee STICKLEY, Jr., Petitioner,**

v.

**Alton BASKERVILLE, Respondent.**

**No. CIV.A. 703CV00094.**

United States District Court,
W.D. Virginia,
Roanoke Division.

Sept. 15, 2003.

Ronald Lee Stickley, Jr., pro se, State Farm, VA, for petitioner.

Thomas Drummond Bagwell, Office of the Attorney General, Richmond, VA, for respondent.

### MEMORANDUM OPINION

WILSON, Chief Judge.

This is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 by Ronald Lee Stickley, Jr. challenging the lawfulness of his confinement under a judgment of conviction in the Circuit Court of Shenandoah County, Virginia for abduction, unlawful wounding, attempted escape, assault and battery on a law enforcement officer, and challenging the lawfulness of the sentence imposed following the revocation of his probation as a consequence of those offenses. Stickley raises various frivolous claims. However, he also raises a double jeopardy claim and an intertwined ineffective assistance of counsel claim that are not frivolous. The Supreme Court of Virginia found that Stickley procedurally defaulted the double jeopardy claim and rejected the ineffective assistance of counsel claim on its merits. The matter is before the court on respondent's motion to dismiss. For the reasons stated,

this court concludes that Stickley defaulted his double jeopardy claim and defers to the Supreme Court of Virginia's decision on the merits of Stickley's intertwined ineffective assistance claim because this court finds that reasonable jurists could have concluded that counsel's performance was not objectively unreasonable. Accordingly, the court dismisses Stickley's petition.

### I.

Ronald Stickley, Jr. was on probation for nineteen felony convictions. On the morning of September 6, 2000, Stickley tested positive for marijuana during a routine test. Upon discovering Stickley failed the drug test, Stickley's probation officer, Tess Lam, notified Stickley that she was placing him in custody for violating his probation. Stickley then assaulted Lam and a jail employee before other law enforcement officers managed to subdue him.

On December 6, 2000, in the Circuit Court of Shenandoah County, Stickley pled guilty to abduction, unlawful wounding, attempted escape, and assault and battery of a law enforcement officer. On February 21, 2001, Circuit Court Judge Dennis L. Hupp sentenced Stickley to six years: five years for abduction with all five years suspended; one year for assault and battery of a law enforcement officer; five years for unlawful wounding; and five years for attempted escape with all five years suspended. Judge Hupp also found Stickley had violated the probation imposed in four of Stickley's earlier cases [1] and required Stickley to serve three years and nine months of previously suspended sentences.[2] Judge Hupp, however, never signed a sentencing order, and instead

---

1. Judge Hupp revoked the previously suspended sentences for CR96–277, CR96–356, CR96–357, and CR96–358.

2. Although Judge Hupp did not state whether the sentences were to be served consecutively

or concurrently, under Virginia law, sentences are served consecutively unless the judge expressly indicates otherwise. Va.Code Ann. § 19.2–308.

sent a letter to the prosecuting attorney and Stickley's trial counsel that same day notifying them that he intended to recuse himself and ask that Stickley be resentenced for the probation violations. On March 14, 2001, Judge Hupp recused himself, advised the parties that he would not enter a final sentencing order, and vacated all of Stickley's sentences.

On May 10, 2001, Circuit Court Judge John R. Prosser resentenced Stickley on his new offenses and revoked probation in three of his earlier cases. Judge Prosser increased Stickley's sentence for the abduction charge from five years to ten years, but suspended eight years; increased the assault and battery of a law enforcement officer sentence from one year to five years, but suspended four years; kept the sentence for the unlawful wounding charge at five years, but suspended two years and five months; and kept the sentence for attempted escape charge at five years, but suspended four years. Consequently, for the four new charges, Stickley must serve six years and five months in prison with another eighteen years and seven months suspended. Judge Prosser also revoked three years of previously suspended sentences,[3] leaving Stickley with a total prison sentence of nine years and five months. Under Judge Hupp's sentence, Stickley would have served nine years and nine months, but Stickley would have had less suspended time.

Stickley did not petition for appeal, but instead petitioned for a writ of habeas corpus in state court, claiming that Judge Prosser's sentence was a sentence enhancement in violation of the double jeopardy clause and that his attorney provided ineffective assistance by not objecting to the resentencing process. The Virginia Supreme Court denied the petition. The Supreme Court reasoned that Stickley's double jeopardy claim was "procedurally defaulted because it could have been raised at trial or on direct appeal and thus is not cognizable in a petition for a writ of habeas corpus." As for the ineffective assistance of counsel claim, the Virginia Supreme Court held:

> [a] final order had not been entered after petitioner's initial sentencing proceeding, and the trial court retained jurisdiction over petitioner's case. Furthermore, the pronouncement of a sentence does not possess the finality of a verdict of acquittal for double jeopardy purposes nor is the double jeopardy clause violated by an increased punishment on resentencing. *United States v. DiFrancesco*, 449 U.S. 117, 133–36, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980). Thus, counsel cannot be ineffective for failing to make a baseless objection, and petitioner has failed to demonstrate that there is a reasonable probability that, but for counsel's alleged error, the result of the proceeding would have been different.

Stickley then filed the present petition for the writ of habeas corpus. The United States District Court for the Eastern District of Virginia transferred Stickley's current petition to this court.

## II.

A federal court may grant habeas relief with respect to a claim adjudicated on the merits in state court only if the state court's adjudication: (1) "resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States,"

**3.** Judge Prosser sentenced Stickley to serve one year of the previously suspended sentence for CR96–277, one year of the previously suspended sentence for CR96–279, and one year of the previously suspended sentence for CR96–280.

or (2) "resulted in a decision that was based on unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1),(d)(2). A state court adjudication is considered "contrary to" clearly established federal law if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412–13, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). A state court decision constitutes an unreasonable application of clearly established federal law if the court identifies the governing legal principle, but "unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413, 120 S.Ct. 1495. Where a federal habeas court determines that the state court applied federal law incorrectly, it may not grant relief unless it also finds that the incorrect application is unreasonable. *Id.* at 411, 120 S.Ct. 1495. "It is not enough that a federal habeas court, in its 'independent review of the legal question' is left with a 'firm conviction' that the state court was 'erroneous' … Rather, that application must be objectively unreasonable." *Lockyer v. Andrade*, 538 U.S. 63, 123 S.Ct. 1166, 1175, 155 L.Ed.2d 144 (2003) (quoting *Andrade v. Attorney General of State of California*, 270 F.3d 743, 753 (9th Cir. 2001)).

■ A summary state court decision is an adjudication on the merits. *Bell v. Jarvis*, 236 F.3d 149, 163 (4th Cir.2000). "When the state court fails to articulate the rationale behind its ruling," the court must "independently review the record and the applicable law." *Id.* "However, this independent review of the record and applicable law must be distinguished from a de novo review of the petitioner's claims and from a requirement that [the court] make an independent determination on the merits of those claims." *Id.* Instead, the federal habeas court must uphold the state court's decision unless it is clear that the result reached by the state court represents an unreasonable application of clearly established federal law, or an unreasonable determination of the facts in light of the evidence presented. *Id.*

■ When a state court has expressly relied on an adequate and independent state procedural rule to deny relief on a claim, that adequate and independent procedural rule also bars federal review unless the petitioner shows either cause and prejudice, or actual innocence. *See Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *Harris v. Reed*, 489 U.S. 255, 262, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989); *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). To show cause, a petitioner must demonstrate that there were "objective factors," external to his defense, which impeded him from raising his claim at an earlier stage. *Carrier*, 477 U.S. at 488, 106 S.Ct. 2678. To demonstrate prejudice, a petitioner must show that the alleged constitutional violation worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional magnitude. *Id.* at 492, 106 S.Ct. 2678. A valid non-defaulted ineffective assistance of counsel claim can constitute cause and prejudice and, thereby, excuse a procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 451–52, 120 S.Ct. 1587, 146 L.Ed.2d 518 (2000).

### A.

■ The court denies relief on Stickley's claim that the Circuit Court of Shenandoah County subjected him to double jeopardy by resentencing him. Stickley alleges that his resentencing amounted to a second sentence for the same acts and offenses because he had begun to serve his

original sentence prior to the resentencing hearing. On state habeas review, the Supreme Court of Virginia, citing its holding in *Slayton v. Parrigan,* 215 Va. 27, 205 S.E.2d 680, 682 (1974), found that Stickley had procedurally defaulted this claim because he could have raised it in the trial court. Accordingly, respondent argues that the claim is procedurally defaulted. The court agrees.

■ The rule in *Slayton* is an adequate and independent state procedural rule. *Fisher v. Angelone,* 163 F.3d 835, 844 (4th Cir.1998) ("We have repeatedly recognized that the procedural default rule set forth in *Slayton* constitutes an adequate and independent state law ground for decision" (internal citations omitted)). Therefore, unless Stickley can show cause and prejudice or actual innocence, the state's adequate and independent procedural rule bars federal review. *See Coleman,* 501 U.S. at 750, 111 S.Ct. 2546; *Burket v. Angelone,* 208 F.3d 172, 183 (4th Cir.2000). Although ineffective assistance of counsel can constitute cause and prejudice (*see Edwards* 529 U.S. at 451–52, 120 S.Ct. 1587), for the reasons stated in Part II.B of this opinion, Stickley cannot show ineffective assistance of counsel. Stickley's petition offers no other theory on how the state's procedural rule resulted in cause and prejudice. Furthermore, Stickley does not claim to be innocent of the charges. Therefore, the Supreme Court of Virginia applied an adequate and independent state procedural rule to procedurally default Stickley's double jeopardy claim, and the court will dismiss it.

### B.

■ In addition to the double jeopardy claim, Stickley also raises an ineffective assistance of counsel claim, alleging that his trial attorney was ineffective because he failed to object to resentencing. However, because reasonable jurists could have concluded that counsel's performance was not objectively unreasonable, this court denies Stickley's petition.

Claims of ineffective assistance of counsel are governed generally by the two-part test established in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, the defendant "must show that counsel's performance was deficient." *Id.* at 687, 104 S.Ct. 2052. He "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688, 104 S.Ct. 2052. Second, the defendant "must show that the deficient performance prejudiced the defense." *Id.* at 688, 104 S.Ct. 2052. A defendant demonstrates prejudice by showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. 2052. The Supreme Court of Virginia held that an objection to resentencing would have been "baseless"; and, therefore, the attorney's performance was neither deficient nor prejudicial.

Accordingly, this court now examines the merits of Stickley's double jeopardy claim to the extent necessary to determine if a reasonable jurist could conclude that his lawyer's failure to object was neither deficient nor prejudicial.

The Supreme Court of the United States last addressed the Double Jeopardy Clause in relation to sentence enhancements in *United States v. DiFrancesco,* 449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980). In *DiFrancesco,* the government, pursuant to statutory authority, appealed the sentence imposed by the district judge. *Id.* at 122, 101 S.Ct. 426. DiFrancesco argued that allowing a government appeal of a sentence violated the Double Jeopardy Clause. *Id.* The Court emphasized that "[h]istorically, the pronouncement of sentence has never carried the finality that attaches to an acquittal." *Id.* at 133, 101 S.Ct. 426. The Court then reasoned that

"[t]he Double Jeopardy Clause does not provide the defendant with the right to know at any specific moment in time what the exact limit of his punishment will turn out to be." *Id.* at 137, 101 S.Ct. 426. Consequently, the Court held that the government did not upset DiFrancesco's "legitimate expectations" of finality by appealing DiFrancesco's sentence because DiFrancesco knew the statute under which he was convicted gave the government the right to appeal. The Supreme Court left open the question of when a defendant obtains a legitimate expectation of finality in his sentence if the controlling statute does not allow for a government appeal, however. *Id.* at 139, 101 S.Ct. 426 ("Although it might be argued that the defendant perceives the length of his sentence as finally determined when he begins to serve it, and that the trial judge should be prohibited from thereafter increasing the sentence, that argument has no force where … Congress has specifically provided that such sentence is subject to appeal").

Turning to the present case, the Supreme Court of Virginia, focusing on *DiFrancesco's* language that a criminal defendant has "no right to know at any specific moment in time what the exact limit of his punishment will turn out to be," held that resentencing never violates the double jeopardy clause. Applying *DiFrancesco's* legitimate expectation of finality paradigm other courts have found, at least implicitly, that sentence enhancements may violate double jeopardy.[4] However, even if the Supreme Court of Virginia's broad pronouncement that resentencing never violates the Double Jeopardy Clause were a misapplication of clearly established federal law, the Supreme Court of Virginia also suggests a sustainable basis for its opinion. The Supreme Court of Virginia noted that Judge Hupp never signed a sentencing order and that the initial sentence was not final. Because this court finds that a reasonable jurist could conclude that Stickley did not have a "legitimate expectation" of finality in his sentence both because Judge Hupp never signed a sentencing order and because of the short amount of time between the initial sentencing and Judge Hupp's notice stating he would recuse himself, this court concludes that the Supreme Court of Virginia's decision is not "contrary to, or a misapplication of federal law." Although another court reviewing the merits of the case may have reached a different outcome,[5] this court cannot say that the outcome reached by the Supreme Court of Virginia was "objectively unreasonable." *Lockyer v. Andrade,* 538 U.S. 63, 123 S.Ct. 1166, 1175, 155 L.Ed.2d 144 (2003). Consequently, when viewing the Supreme Court of Virginia's opinion with the level of deference required by 28 U.S.C. § 2254, Stickley is not entitled to habeas relief.

### III.

In addition to his double jeopardy and related ineffective assistance of counsel

---

4. *See e.g. United States v. Silvers* 90 F.3d 95, 99 (4th Cir.1996); *United States v. Cochran,* 883 F.2d 1012, 1017 (11th Cir.1989); *United States v. Crawford,* 769 F.2d 253, 257 (5th Cir.1985); *Washington v. Hardesty,* 129 Wash.2d 303, 915 P.2d 1080, 1082 (1996).

5. Indeed, several courts have indicated, for example, that the "power of a district judge to amend a sentence does not extend to a situation where the district judge simply changes his mind about the sentence." *United States v. Cook,* 890 F.2d 672, 675 (4th Cir.1989); *see also United States v. Strozier,* 940 F.2d 985, 987 (6th Cir.1991). However, these holdings are not "clearly established Federal Law, as determined by the Supreme Court of the United States." Consequently, the fact that the Supreme Court of Virginia did not consider these cases does not qualify Stickley for habeas corpus relief.

claims, Stickley also brings a host of other claims. These other claims are frivolous though, and this court will address them summarily.

Stickley claims that his attorney was ineffective because he failed to advise Stickley that the Commonwealth needed to prove Stickley's intent beyond a reasonable doubt and because he suggested that the jury would convict him which coerced Stickley into pleading guilty. Stickley cannot show prejudice, however. First, Judge Hupp, in fact, informed Stickley of the elements of each charge. Second, to show prejudice in the guilty plea context, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (4th Cir.1985). Stickley has shown nothing that remotely suggests that he would have gone to trial but for his attorney's alleged ineffective assistance. In fact, Stickley does not contest his guilt. Consequently, this court cannot say a reasonable defendant would have gone to trial but for the attorney's alleged errors.

Stickley also claims that his counsel was ineffective for failing to assist him with his motion for modification and for failing to file a direct appeal.[6] Stickley did not raise these claims in his state habeas petition, however. Consequently, Virginia Code § 8.01–654(B)(2)[7] bars him from raising these claims now. *See also Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir.1990) (holding that Va.Code § 8.01–654(B)(2) is an adequate and inde-

pendent state ground for decision when denying a petition for the writ of habeas corpus).

Finally, Stickley also claims he is entitled to relief because of the prejudicial atmosphere in the courtroom. The Supreme Court of Virginia, citing *Peyton v. King*, 210 Va. 194, 169 S.E.2d 569, 571 (1969), held that Stickley's voluntary and intelligent guilty plea, "waive[d] all non-jurisdictional defenses antecedent to the guilty plea." It seems clear that Stickley's "prejudicial atmosphere" claim can have no validity if Stickley's plea was voluntary and intelligent, and for that reason alone lacks merit. Moreover, Stickley offers no reason why Virginia's independent state-law waiver rule should not apply to his claim. Consequently, this court cannot review the claim.

### IV.

For the reasons stated, the court grants the respondent's motion to dismiss.

### *FINAL ORDER*

In accordance with the Memorandum Opinion entered this day, it is hereby **ORDERED** and **ADJUDGED** that the respondent's motion to dismiss is **GRANTED** and this case is **STRICKEN** from the active docket of the court.

Stickley is advised that he may appeal the dismissal of his claims pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this Order, or within such

---

6. Inasmuch as Stickley argues that his counsel was ineffective for not assisting him with his state habeas petition, there is no constitutional right to the effective assistance of counsel in state post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987).

7. 8.01–654(B)(2) states that "[n]o writ shall be granted on the basis of any allegation of facts of which the petitioner had knowledge at the time of filing any previous petition."

extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk of the Court is directed to send certified copies of this Order and the accompanying Memorandum Opinion to the petitioner and to the counsel of record for the respondent.