COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Fitzpatrick, Judges Bumgardner and Frank
Argued at Salem, Virginia


LYNN SPENCER CONRAD
                                                    MEMORANDUM OPINION* BY
v.        Record No. 3076-02-3            CHIEF JUDGE JOHANNA L. FITZPATRICK
                                                       NOVEMBER 25, 2003
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF WYTHE COUNTY
J. Colin Campbell, Judge

Thomas M. Jackson, Jr., for appellant.

Kathleen B. Martin, Assistant Attorney General (Jerry W. Kilgore,
Attorney General, on brief), for appellee.


        The trial court found Lynn Spencer Conrad (appellant) guilty of driving under the

influence of alcohol in violation of Code § 18.2-266, and sentenced her to 30 days in jail

suspended for 12 months, and fined her $850.  On appeal she contends that the Commonwealth

failed to substantially comply with Code § 18.2-268.6.  Because appellant entered a guilty plea to

the charge, we affirm the trial court.

        Appellant was convicted of driving under the influence of alcohol in general district court

on October 13, 2000, and appealed that conviction to the circuit court.  She filed two motions to

dismiss in the circuit court.  One challenged the roadblock at which she had been stopped, and

the other contended that she had been erroneously denied a breath test.  The trial court denied

both motions.  On August 13, 2002 appellant moved to suppress the blood alcohol analysis

because the Commonwealth failed to comply with Code § 18.2-268.6 when it sent the second

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

blood sample to the Medical College of Virginia without first consulting her. The trial court found that the Commonwealth had substantially complied with Code § 18.2-268.6, and denied appellant's motion to suppress by letter opinion on September 17, 2002. The record reflects that she pled guilty to the charge on October 22, 2002.

Appellant waived her right to appeal when she pled guilty at trial.

> A voluntary and intelligent plea of guilty by an accused is, in reality, a self-supplied conviction authorizing imposition of the punishment fixed by law. It *is a waiver of all defenses other than those jurisdictional*, effective as such not only in the lower court but as well in this court. Where a conviction is rendered upon such a plea and the punishment fixed by law is in fact imposed in a proceeding free of jurisdictional defect, there is nothing to appeal. To take any other view would give recognition to an empty right and permit frivolous appeals for the mere sake of delay.

Peyton v. King, 210 Va. 194, 196-97, 169 S.E.2d 569, 571 (1969) (emphasis added); see also Walton v. Commonwealth, 256 Va. 85, 91, 501 S.E.2d 134, 138 (1998); Savino v. Commonwealth, 239 Va. 534, 538, 391 S.E.2d 276, 278 (1990).

Because appellant's guilty plea waived her right to appeal in this instance, we affirm the judgment of the trial court.

Affirmed.